**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LANCE GERALD MILLIMAN,

Plaintiff,

v.

**ORDER**
Civil File No. 01-1563 (MJD/RLE)

BETTY JEAN LINDEMOEN, et al.,

Defendants.

---

Lance Gerald Milliman, pro se.

---

## I. INTRODUCTION

The above-entitled matter comes before the Court upon the June 18, 2004, Report and Recommendation of United States Magistrate Judge Raymond L. Erickson. The Report and Recommendation recommended that this action be dismissed for failure to comply with the Court's April 27, 2004, Order and for lack of prosecution. Plaintiff Lance Gerald Milliman filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). For the reasons set forth below, the Court modifies the Report and Recommendation to grant Milliman

twenty days from the date of this Order to comply with the Magistrate Judge's April 27 Order.

## II. FACTUAL BACKGROUND

Milliman filed this action on August 27, 2001, against Defendants Betty Jean Lindemoen, et al. Milliman alleged violations of 42 U.S.C. § 1983 and sought declaratory, injunctive, and compensatory relief, and punitive damages. Simultaneously, Milliman filed an application for leave to proceed in forma pauperis and for appointment of counsel. [Docket No. 3] Also on that date, Milliman filed a motion for a temporary restraining order and temporary injunction. The Court denied Milliman's motion and dismissed his case without ruling on his application to proceed in forma pauperis. To date, a summons and complaint have not been served on Defendants.

Milliman appealed the Court's dismissal to the Eighth Circuit Court of Appeals. In conjunction with that appeal, on November 7, 2001, Milliman filed a separate application for leave to proceed in forma pauperis, which this Court denied. [Docket Nos. 10, 11] This application contained substantially the same financial information that was contained in the first in forma pauperis petition.

In March 2002, the Eighth Circuit Court of Appeals vacated this Court's dismissal of the action and remanded the case. No action was taken in this matter for the next two years. On April 27, 2004, the Magistrate Judge ordered Milliman

to submit a new application to proceed in forma pauperis with current information, or to remit a filing fee to the Clerk of Court. The Order stated that Milliman had twenty days from the date of the Order to submit either the filing fee or the new application. If Milliman failed to comply, the Order warned that the action would be dismissed for failure to prosecute.

Milliman did not respond to the Order. On June 18, 2004, the Magistrate Judge issued a Report and Recommendation recommending that the action be dismissed for lack of prosecution and for failure to comply with the April 27 Order. Milliman filed Objections to the Report and Recommendation.

## III. DISCUSSION

Milliman argues that he has not failed to prosecute the case. Additionally, he asserts, in a letter to the Magistrate Judge, that his financial status in 2001, not his financial status today, is relevant to his eligibility for in forma pauperis status.

The Court concludes that Milliman must submit a current and accurate application for leave to proceed in forma pauperis before the Court can make an informed determination of Milliman's eligibility to proceed without prepayment of fees. Due to the passage of time since Milliman submitted his first application to proceed in forma pauperis in August 2001,the information in the pending application is no longer indicative of Milliman's economic status. See, e.g., Carter v. Telectron, Inc., 452 F. Supp. 939, 942 (S.D. Tex. 1976) ("In determining

whether plaintiff should be entitled to proceed to final resolution without prepayment of costs, this Court is not bound by plaintiff's economic status on the date of filing."). See also Treff v. Galetka, 74 F.3d 191, 197 (10th Cir. 1996) (holding that "when a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay fees and costs"). Additionally, the Court notes that, in December 2001, it previously denied Milliman's second application, which was substantially similar to the August 2001 application.

In the interest of justice, the Court will grant Milliman additional time in which to comply with the Magistrate Judge's April 27, 2004, Order.

**IT IS HEREBY ORDERED** that:

1) The June 18, 2004, Report and Recommendation of Magistrate Judge Raymond L. Erickson is modified as set forth in this Order.

2) If Plaintiff Lance Gerald Milliman wishes to pursue this action, then, by no later than twenty days from the date of this Order, he must submit a current and completed copy of the "Application to Proceed Without Prepayment of Fees and Affidavit" form, or, in the alternative, payment of the proper filing fee amount.

3) If Plaintiff fails to comply with either of these directives within twenty days from the date of this Order, this action will be dismissed for lack of prosecution.

Dated: August 9, 2004

s/Michael J. Davis
Judge Michael J. Davis
United States District Court