Court Copy

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

RECEIVED BY MAIL
FEB 23 2005
CLERK US DIST COURT MINNEAPOLIS MN

Lance Gerald Milliman,

Plaintiff,

v.

Betty Jean Lindemoen, Charles Weaver, Michael Campion, Beverly Anderson, Kim Brandell, SusanFallek-Rogers, Jill Prohafsky, Colia Ceisel, Susan Myklebye-Williams, Janice Allen, Dorrie Estebo, Bethany Lindberg, Kay Gavinski Robert Tipp and Kelly O'Brien,

Defendants.

AMENDED COMPLAINT

Civil Action No. 01-1563 RHK/RLE.(MKC)

CIVIL RIGHTS COMPLAINT
WITH A JURY DEMAND

This is a 42 U.S.C. 1983 action filed by Lance Gerald Milliman, alleging violation of his constitutional rights and seeking money damages, declaratory and injunctive relief. The plaintiff requests trial by jury.

## NATURE OF THE ACTION

This is a civil action seeking damages, declaratory and injunctive relief against the defendants for committing acts, under color of law, which deprived plaintiff of rights secured under the United States Constitution and the laws of the United States and the Minnesota State Constitution and the laws of the State of Minnesota; for conspiring for the purpose of impeding and hindering the due course of justice, with the intent to deny plaintiff equal protection of the laws and due process; and for refusing or neglecting to prevent such deprivations and denials to plaintiff. The acts were completed with reckless disregard and deliberate indifference to the constitutional rights of the plaintiff. Further deprivations of the plaintiff's constitutional rights occurred as part of unlawful act or series of acts or a lawful act or series of acts by unlawful means which were designed to harm or damage the plaintiff. The plaintiff seeks a declaration that the actions of the defendants in suspending plaintiff's commercial drivers license violates the Constitution and laws of the United States and the Constitution and laws of the State of Minnesota and finally for injunctive relief permanently enjoining these defendants from suspending commercial drivers licenses under Minnesota Statute 518.551 subd. 13 or any other similar statute because it unlawfully discriminates and treats commercial drivers who hold a Minnesota CDL different than any other class of people, including other drivers who hold a regular Minnesota Drivers License.

## JURISDICTION AND VENUE

This is a civil rights action authorized by 42 U.S.C. 1983. This Court has jurisdiction under 28 U.S.C. 1331, 1343, 1367 and 2201. Venue is proper in the District of Minnesota since the acts and transactions complained of herein all occurred in said district.

## PLAINTIFF

Plaintiff, Lance Gerald Milliman, is and was at all times relevant herein, a citizen of the United States of America, and a citizen of the State of Minnesota where he resides in Meeker County, Minnesota and in the

SCANNED
FEB 23 2005
U.S. DISTRICT COURT MPLS

City of Eden Valley. Plaintiff is the ex-husband of defendant Betty Jean Lindemoen, f/k/a/ Betty Jean Milliman.

## DEFENDANTS

Defendant, Betty Jean Milliman, is and was at all times relevant herein, a resident of the State of Minnesota and a citizen of the United States of America. Defendant Betty Jean Lindemoen , is the ex-wife of plaintiff, Lance Gerald Milliman.

Defendant, Charles Weaver, was the Commissioner of the Minnesota Department of Public Safety during the time period complained of and was directly responsible for the suspension of Minnesota Drivers Licenses pursuant Minnesota Statute 518.551 subd. 13 which is being challenged here. Charles Weaver is an ex Assistant Anoka County Attorney, who the plaintiff understands was convicted of a criminal offense in regard to not withholding unemployment benefits from a migrant worker. In any event, Mr. Weaver was in a position to allow preferential treatment to the Anoka County Attorneys Office and other Anoka County defendants and would make exceptions for the Anoka County Attorneys Office and other defendants which constituted violations of the plaintiff's constitutional rights.

Defendant, Michael Campion is the current acting Commissioner of the Department of Public Safety and is now directly responsible for suspension of Minnesota Drivers Licenses pursuant to Minnesota Statute 518.551 subd. 13 which is being challenged here.

Defendants, Beverly Anderson, Kim Brandell, Susan Fallek-Rogers and Jill Prohofsky are Child Support Magistrates, who are paid by Anoka County and operate under the supervision of the Tenth Judicial District's Chief Judge. These Child Support Magistrates presided at the proceedings that are being challenged here.

Defendants, Colia Ceisel and Susan Myklebye-Williams are Administrative Law Judges and also have presided at the proceedings that are being challenged here.

Defendants, Janice Allen, Dorrie Estebo, Bethany Lindberg and Kay Gavinski are Assistant Anoka County Attorneys who have appeared for the County of Anoka in the proceedings being challenged here. Defendant Janice Allen, is also the head of the Family Law and Mental Health Division, and the direct supervisor of defendants Estebo, Lindberg and Gavinski. Ms. Allen is a high-level official and who is directly responsible for making policy decisions for her division.

Defendant, Robert Tipp, is a adminstrative Law Specialist employed by Anoka County and who has appeared on behalf of Anoka County in the proceedings that are being challenged here.

Defendant Kelly O Brien, is a Child Support Officer employed by Anoka County, who has submitted affidavits on behalf of Anoka County in this matter and who initiates certain steps in the suspension of the the plaintiff's commercial drivers license.

Plaintiff sues each of the defendants in their official and individual capacities.

## FACTS AND LEGAL CLAIMS

1. In May of 1988, the Anoka County District Court issued a temporary child support order in a domestic abuse proceeding. Said order set temporary support at guidelines based upon $1000.00 net monthly income. This order was to cover the time period from May 1, 1988 through October 1, 1988. Thereafter, the dissolution action having been filed, the matter became a divorce action on or about November 2, 1988. The proceedings in question, the domestic abuse proceeding and the dissolution proceeding are separate files and separate proceedings. The Anoka County District Court File Number for the domestic abuse file is F9-88-5159 and The Anoka County District Court File Number for the dissolution file is F9-88-10474.

2. In July of 1996, the defendants forced the plaintiff to participate in the Administrative process for child and medical support orders pursuant to Minnesota Statute 518.5511. On January 7, 1997 some of the defendants decided that they were going to take a "short cut" and include the amounts awarded by the Anoka County District Court in the domestic abuse action File F9-88-5159, a file that the defendant Susan Myklebye-Williams, the Adminstrative Law Judge, had no authority or jurisdiction over, and include that claim with their current claims at the time and even if the administrative law judge had jurisdiction over the divorce proceedings in File F9-88-10474, to which the plaintiff does not concede, the administrative law judge lost her jurisdiction pursuant to Minnesota Statute 518.5511, Subd. 4 when the claims from the domestic abuse action were joined and said mixture created a case triable in Anoka County District Court Exclusively. The plaintiffs claim is that defendant Susan Myklebye-Williams, the Administrative Law Judge, conspired with the other defendants to harm or damage the plaintiff and that she knew she was acting totally without any jurisdiction, over either the subject matter or the parties, and continued forward in deliberate indifference and reckless disregard to the constitutional rights of the plaintiff subjecting her to liability for damages. The actions of defendant Susan Myklebye-Williams, the Administrative Law Judge violated the plaintiffs due process and equal protection rights guaranteed to him Under the United States Constitution's Fourteenth Amendment and the corresponding parts of the Minnesota State Constitution contained in Article 1 Sections 7, 8 and 10. Further, the actions of defendant Susan Myklebye-Williams denied to the plaintiff his right to meaningful access to the Courts in violation of the United States Constitution's First Amendment.

3. On or about April 6, 1999 the defendants continued to force the plainiff to remain in the Administrative process for child and medical support orders pursuant to Minnesota Statute 518.5511. In that proceeding, defendant Colia F. Ceisel, the Administrative Law Judge, in an order Dated April 27, 1999 denied the plaintiffs motion for modification of his on-going child support obligation pursuant to Minnesota Statute 518.64. Defendant Colia F. Ceisel, as did defendant Susan Myklebye-Williams, decided that she had jurisdiction pursuant to Minnesota Statute 518.5511, subd. 4. The plaintiffs claim is that defendant Colia F. Ceisel, the Administrative Law Judge, conspired with the other defendants to harm or damage the plaintiff and that she knew she was acting totally without any jurisdiction, over either the subject matter or the parties, and continued forward in deliberate indifference and reckless disregard to the constitutional rights of the plaintiff subjecting her to liability for damages. The actions of defendant Colia F. Ceisel violated the plaintiffs due process and equal protection rights guaranteed to him Under the United States Constitution's Fourteenth Amendment and the corresponding parts of the Minnesota State Constitution contained in Article 1 Sections 7, 8 and 10. Further, the actions of defendant Colia F. Ceisel denied to the plaintiff his right to meaningful access to the courts in violation of the United States Constitution's First Amendment.

4. Defendant Robert Tipp, is a Administrative Law Specialist employed by Anoka County and he appeared at the hearings on January 7, 1997 and April 6, 1999 and represented Anoka County in those hearings which included drafting of pleadings, making and filing affidavits and drafting court orders. Defendant Tipp also appeared in subsequent proceedingss before Kim E. Brandell, a Child Support Magistrate on February 8, 2000. Defendant Tipp came up with the idea to combine the domestic abuse file with the dissolution file because if he did this, he could pursue the claims in the administrative process for child and medical support orders pursuant to Minnesota Statute 518.5511. The advantage for defendant Tipp would be the relaxed Rules of Evidence under the administrative process as opposed to the very structured Minnesota Rules of Evidence For The District Courts. Also, defendant Tipp could appear on behalf of Anoka County in the administrative proceedings but could not appear on behalf of Anoka County in the District Court. The plaintiff argued that whether it be administrative proceedings or district court proceedings, defendant Tipp could not appear on behalf of Anoka County, he could not draft pleadings, he could not make and file affidavits in the manner that attorneys make and file them because he was not an attorney at law. Many of his affidavits were inaccurate or self-serving and some bordered on dishonesty, certainly not the integrity needed by one in defendant Tipp's position. However, the fact remained that defendant Tipp is and was not an attorney and he could not do the acts he did, and the acts he did do constitute the crime of unauthorized practice of law pursuant to Minnesota Statute 481. The plaintiffs claim is that defendant Tipp conspired with the other defendants to bring and keep the plaintiff in the Administrative process for child and medical support orders pursuant to Minnesota Statute 518.5511 when he knew this process had no jurisdiction over the subject matter or the parties and continued forward in deliberate indifference and reckless disregard for the constitutional rights of the plaintiff subjecting him to liability for damages. Mr. Tipp did this to simply harass the plaintiff and the actions of defendant Robert

Tipp violated the plaintiff's due process and equal protection rights guaranteed to him by the United States Constitution's Fourteenth Amendment and the corresponding parts of the Minnesota State Constitution contained in Article 1 Sections 7, 8 and 10. Further, the actions of defendant Robert Tipp denied to the plaintiff his right to meaningful access to the courts in violation of the United States Constitution's First Amendment.

5. Defendant Betty Jean Lindemoen, was a willing participant and a co-conspirator in the matters that produced the claims in paragraphs 1 through 4, it does not matter whether Anoka County forced her to participate or whether she did so on her own accord, the real motive or intent was one other than the collection of child support from the plaintiff. In Minnesota, children are entitled to support from both parents and therefore defendant Lindemoen is responsible for one-half of the expenditures made by the public welfare department on behalf of the children of the parties and by cooperating with and participating in Anoka County's pursuit of the plaintiff for the full amount expended she would obtain two (2) benefits from Anoka County. First, she would benefit from not having to pay for her one-half share of the public welfare department's expenditures and second, she would benefit from Anoka County not actively pursuing her for her one-half of the funds expended by the public welfare department. Although defendant Lindemoen, who had several medical certifications at the time, to include CNA, HMA and TMA chose not to work and accepted welfare benefits. She could now work unhampered while the plaintiff would be forced to face several obstacles just to keep his commercial drivers license and work for the bare necessities of food, shelter and basic health care. The actions of defendant Betty Jean Lindemoen were in deliberated indifference and reckless disregard for the constitutional rights of the plaintiff and violated the plaintiff's due process and equal protection rights guaranteed to him by the United States Constitution's Fourteenth Amendment and the corresponding parts of the Minnesota State Constitution contained in Articles 1 Sections 7, 8 and 10. Said actions of defendant Betty Jean Lindemoen denied to the plaintiff his right to meaningful access to the courts in violation of the United States Constitution's First Amendment. In addition, defendant Lindemoen with the help of the other defendants was able to buy a house with a reduced payment and have Anoka County collect debts on her behalf from the plaintiff. None of these defendants helped me to purchase a house with a reduced mortgage payment or help me collect debts owing to me. Ultimately defendant Lindemoen lost the house due to her own irresponsible behavior and now thinks the plaintiff should lose his house. These defendants, unlawfully and illegally discriminated against the plaintiff while vilifying the plaintiff and totally destroying the parent-child relationship between the plaintiff and his children in violation of the plaintiff's constitutional right to equal protection and due process guaranteed to him by the United States Constitution's Fourteenth Amendment.

6. On January 28, 1999, The Minnesota Supreme Court issued its decision in Holmberg v. Holmberg, 558 N.W.2d 720. The Court found "The administrative child support process created by Minnesota Statute 518.5511 (1996) violates the separation of powers doctrine by infringing on the district court's original jurisdiction, by creating a tribunal which is not inferior to the district court, and by permitting child support officers to practice law. Therefore, the statute is unconstitutional." However the Court ruled that "the relief applied prospectively, except as to the parties who challenged statute, who were entitled to have their cases decided in accordance with ruling." The Court went on to rule that "the retroactive application of ruling would have swamped district courts with litigants previously forced to participate in administrative process and would have had negative emotional impact on families whose final orders were undone." " In determining whether to give ruling prospective application. Supreme Court considers whether the decision establishes a new principle of law, whether retroactive application will further or retard the operation of the holding in question, and whether retroactive application could produce substantial inequitable results in individual cases." "The Court stays the ruling for 5 months to allow legislature time to amend the laws in accordance with this ruling." "Having reached this ruling on separation of powers grounds, we do not reach the issues of whether the administrative process violates equal protection and procedural due process."

7. The proceedings in paragraphs 2 and 3 were basically ruled unconstitutional as was the practice of allowing child support officers like Mr. Tipp to practice law. Even though the proceedings held on January 7, 1997 and April 6, 1999 were held basically unconstitutional, the problem is that improper results that were reached in this process that were ruled unconstitutional follow you from this flawed process into the next flawed process. On or about October 11, 1999, the plaintiff attempted to remove the matter to district court. In a ruling the Honorable Ellen Maas, Judge of Anoka County District Court denied the relief sought by the plaintiff based upon several reasons. Judge Maas further, ruled that the proper procedure for the

plaintiff to follow to obtain relief was pursuant to the new child support Rule 22.01. Judge Maas stated, " The new child support Rule 22.01 was established in response to Holmberg, decision.... " " In the instant case, more than 23 days have passed...." "Therefore, the proper procedure for seeking review is with a motion to modify. The motion must first be heard before a child support magistrate."

8. The plaintiff was again forced back into a process that had no jurisdiction over the subject matter or the parties. This process is called the Interim Expedited Child Support Process. The plaintiff, nonetheless, filed the motion for review as instructed by the district court.

9. On November 18, 1999 the plaintiff brought forth a motion for a temporary restraining order which was heard before defendant Susan Fallek-Rogers, a Child Support Magistrate who continued the hearing until November 23, 1999. At that hearing defendant Susan Fallek-Rogers met with Assistant Anoka County Attorney and defendant Bethany Lindberg while the plaintiff and defendant Lindemoen participated by telephone and determined that she had jurisdiction pursuant to Minnesota Statute 484.702, subds. 1 and 3, and denied the plaintiffs motions in all respects. The plaintiffs claim is that defendant Susan Fallek-Rogers, a Child Support Magistrate, conspired with the other defendants to harm or damage the plaintiff by forcing the plaintiff to remain in a process that had no jurisdiction over the subject matter or the parties and she knew she was acting totally without any jurisdiction over the subject matter or the parties and she continued forward in deliberate indifference and reckless disregard for the constitutional rights of the plaintiff subjecting her to liability for damages. The actions of defendnat Susan Fallek-Rogers violated the plaintiffs due process and equal protection rights guaranteed to him by the United States Constitution's Fourteenth Amendment and the corresponding parts of the Minnesota State Constitution contained in Article 1 Sections 7, 8 and 10. Further the actions of defendant Susan Fallek-Rogers denied to the plaintiff his right to meaningful access to the courts in violation of the United States Constitution's First Amendment.

10. On December 7, 1999 a hearing was held before defendant Beverly J. Anderson,a Child Support Magistrate, who decide she had jurisdiction pursuant to Minnesota Staute 484.702 subds. 1 and 3. It is the claim of the plaintiff that defendant Beverly J. Anderson, a Child Support Magistrate, conspired with the other defendants to harm or damage the plaintiff and that she knew she was acting totally without any jurisdiction, over the subject matter or the parties and continued forward in deliberate indifference and reckless disregard to the constitutional rights of the plaintiff subjecting her to liability for damages. The actions of defendant Beverly J. Anderson violated the plaintiffs due process and equal protection rights guaranteed to him by the United States Constitution's Fourteenth Amendment and the corresponding parts of the Minnesota State Constitution contained in Article 1 Sections 7, 8 and 10. Further, the actions of defendant Beverly J. Anderson denied to the plaintiff his right to meaningful access to the courts in violation of the United States Constitution's First Amendment.

11. Defendant Bethany Lindberg, an Assistant Anoka County Attorney, appeared on behalf of Anoka County at the November 23, 1999, the December 7, 1999 and the February 8, 2000 hearings. Defendant Lindberg at the November 23, 1999 hearing made offensive, derogatory and discriminatory gender-based comments directed towards the plaintiff and was admonished by defendant Brandell. . Defendant Bethany Lindberg had a duty as an officer of the court and a representative of the state to inform the presiding Child Support Magistrates that they did not have jurisdiction in this case. Defendant Lindberg was aware of plaintiffs position on whether or not the Expedited Child Support Process or the Child Support Magistrates had jurisdiction over the subject matter or the parties and she knew or reasonably should have known that the Expedited Child Support Process or the Child Support Magistrates did not have jurisdiction in this case and she failed to make the Child Support Magistrate aware of that fact. It is the claim of the plaintiff that defendant Bethany Lindberg conspired with the other defendants to harm or damage the plaintiff by keeping him in a proces that had no jurisdiction over the subject matter or parties and knew or reasonably should have known that the Expedited Child Support Process did not have jurisdiction over the subject matter or the parties, and she knew or reasonably should have known that the Child Support Magistrates did not have jurisdiction over the subject matter or the parties and she continued forward in deliberate indifference and reckless disregard to the constitutional rights of the plaintiff subjecting her to liability for damages. The actions of defendant Bethany Lindberg violated the plaintiffs due process and equal protection rights guaranteed to him by the United States Constitution's Fourteenth Amendment and the corresponding parts of the Minnesota State Constitution contained in Article 1 Sections 7, 8 and 10. Further, the actions of defendant Bethany Lindberg denied to the plaintiff his right to meaningful access to the courts in violation

of the United States Constitution's First Amendment.

12. The plaintiff, again, attempted to get the district court to intervene by filing a motion for review before a district court judge. In a ruling issued January 5, 2000, the Honorable Ellen L. Maas denied the plaintiffs request for review as premature.

13. A hearing was held on February 8, 2000 before defendant Kim E. Brandell, a Child Support Magistrate. At that hearing defendant Brandell decided he had jurisdiction pursuant to Minnesota Statute 518.5511 subdivision 4, and Rule 10.02 of the Minnesota Supreme Court's Interim Expedited Child Support Process Rules (1999). The plaintiffs claim is that defendant Kim Brandell, a Child Support Magistrate, conspired with the other defendants to harm or damage the plaintiff and that he knew he was acting totally without any jurisdiction, over the subject matter or the parties and continued forward in deliberate indifference and reckless disregard to the constitutional rights of the plaintiff subjecting him to liability for damages. The actions of defendant Kim Brandell violated the plaintiffs due process and equal protection rights guaranteed to him by the United States Constitution's Fourteenth Amendment and corresponding parts of the Minnesota State Constitution contained in Article 1 Sections 7, 8 and 10. Further, the actions of defendant Kim Brandell denied to the plaintiff his right to meaningful access to the courts in violation of the United States Constitution's First Amendment.

14. Defendant Kelly O'Brien, is a Child Support Officer, who is employed by Anoka County. On or about January 19, 2000 the plaintiff received a letter from defendant O'Brien dated January 15, 2000. The letter stated that she intended to request that the plaintiffs commercial driver's license and occupational licenses pursuant to Minnesota Statute 518.551, subds. 12 and 13. The plaintiff demanded a hearing to contest the suspension. Such demand was made by letter dated January 19, 2000. No hearing was ever held as was required by said Statute. On or about June 20, 2000 the plaintiff received a second such letter from Defendant Kelly O'Brien, This letter was dated June 17, 2000. The letter stated that she intended to request that the plaintiffs commercial driver's license and occupational licenses be suspended pursuant to Minnesota Statute 518.551, subds. 12 and 13. By return letter dated June 20 the plaintiff demanded a hearing to contest the suspension. It is the claim of the plaintiff that defendant Kelly O'Brien conspired with the other defendants to harm or damage the plaintiff by keeping the plaintiff in a process that she knew had no jurisdiction over the subject matter or the parties and that defendant Kelly O'Brien executed affidavits and swore to facts that were based upon inaccurate and incorrect information and not based upon her own personal knowledge and continued forward in deliberate indifference and reckless disregard to the constitutional rights of the plaintiff subjecting her to liability for damages. The actions of defendant Kelly O'Brien violated the plaintiffs due process and equal protection rights guaranteed to him by the United States Constitution's Fourteenth Amendment and the corresponding parts of the Minnesota State Constitution cotained in Article 1 sections 7, 8 and 10. Further, the actions of defendant Kelly O'Brien denied to the plaintiff his right to meaningful Acxcess to the courts in violation of the United States Constitution's First Amendment.

15. On or about July 26, 2000, Defendant Dorrie Estebo, an Assistant Anoka County Attorney, served upon plaintiff a motion to intervene, notice of intention to suspend drivers license, notice to call witnesses and notice of hearing. These documents were supplemented by an affidavit of defendant Kelly O'Brien and an affidavit of defendant Dorrie Estebo. The notice of hearing states that pursuant to Minnesota Statute 518.551, subd 13, the public authority (Anoka County) is requesting immediate suspension of the plaintiffs driver's license based upon the following: 1). plaintiff has been or may be issued a driver's license by the Commissioner of Public Safety; 2). The existence of child support arrears in an amount equal to or greater than three months of plaintiffs total monthly child support obligation and 3). Respondent has failed to enter into a written payment plan. The notice further directs the plaintiff to bring with him any cancelled checks and records that reflect child support payments made within the disputed arrears period.

16. A hearing was held August 31, 2000 before defendant Beverly J. Anderson on the issue of drivers license suspension. Defendant Janice Allen, an Assistant Anoka County Attorney, appeared on behalf of Anoka County. The plaintiff argued that the defendant Beverly J.Anderson and the Expedited Child Support Process did not have jurisdiction over the subject matter or the parties, that the plaintiff was not allowed to confront witnesses, that the Assistant Anoka County Attorneys who appeared in this action were knowingly pursuing this matter in a court that has no jurisdiction, for harassment or other improper purpose. It is the

plaintiff's claim, and he reasserts the legal claims made in paragraph 10 as it applies to defendant Beverly J. Anderson and he reasserts the legal claims made in paragraph 11 as it applies to defendant Bethany Lindberg and reasserts those same claims against defendants Dorrie Estebo and Janice Allen. In addition, to the claims above, defendant Janice Allen is also head of the Family Law and Mental Health Division and the direct supervisor of defendants Lindberg and Estebo and Gavinski. Defendant Allen, is a high-level official responsible for making policy decisions and she is held to a higher standard than the other assistant county attorneys.

17. As a result of the August 31, 2000 hearing before defendant Beverly J. Anderson, there should have been findings of fact, conclusions of law and an order issued and filed by defendant Beverly J. Anderson. The plaintiff never received a copy of, or notice of filing of, findings of fact, conclusions of law and order from any of the defendant parties or from Anoka County Court Administration. There the matter rested until on or about November 20, 2000 when the plaintiff received a notice of suspension from the Minnesota Department of Public Safety which stated that the suspension would begin December 4, 2000. The reason for the withdrawl was failure to pay child support and the notice stated that plaintiff should contact Anoka County Human Services for information. IT SHOULD BE NOTED: that there is a mandatory ninety (90) day stay on the suspension provided by Minnesota Statute 518.551.

18. Defendant Charles Weaver must have received the order to suspend plaintiff's commercial driver's license telepathically because the plaintiff was unable to find a copy of the alleged order for suspension in File F9-88-10474. Defendant Charles Weaver, an ex-Assistant Anoka County Attorney who was recently convicted of criminal activity, conspired with the other defendants to harm or damage the plaintiff and granted favors to Assistant Anoka County Attorneys apparently without any orders from any judicial body or any party with the authority to suspend plaintiff's commercial driver's license and defendant Weaver suspended plaintiff's commercial driver's license. It is the claim of the plaintiff, that defendant Charles Weaver, the Commissioner of Public Safety lacks the authority to suspend the commercial driver's license of the plaintiff without some valid court order or other process that is within the Commissioner's jurisdiction and there is none here. The actions of defendant Charles Weaver were unreasonable and arbitrary and he continued forward in deliberate indifference or reckless disregard to the constitutional rights of the plaintiff subjecting him to liability for damages. Defendant Charles Weaver violated the plaintiff's due process and equal protection rights guaranteed to him by the United States Constitution's Fourteenth Amendment and the corresponding parts of the Minnesota State Constitution contained in Article 1 Sections 7, 8 and 10. Further, the actions of defendant Charles Weaver denied the plaintiff his right to meaningful access to the courts in violation of the United States Constitution's First Amendment.

19. As a reult of the November 20, 2000 suspension issued by defendant Charles Weaver, the plaintiff filed an action in the Anoka County District Court and on or about February 7, 2001 the Honorable Lynn C. Olson issued her ruling which denied the plaintiff's request to proceed informa pauperis claiming that the plaintiff had failed to follow proper procedure in asserting his claims and that the court lacked jurisdiction over plaintiff's claims. The Honorable Lynn C. Olson, in her order, pays lip service to the fact that the plaintiff has appeal rights and has remedies. However, this court bases its order upon the faulty premise that the plaintiff had been served notice of filing and a copy of the "alleged" September 18, 2000 child support magistrates order. There is no evidence in the record supporting service of the notice of filing and there is no evidence supporting service of the "alleged" September 18, 2000 order itself upon the plaintiff.

20. As a result of the Honorable Lynn C. Olson's ruling, the plaintiff appealed her decision to the Minnesota Court of Appeals and on June 14, 2001 the Minnesota Court of Appeals issued its opinion affirming the district court's order based upon the same faulty premise that the Honorable Lynn C. Olson based her ruling upon, that the plaintiff had been served a copy of the "alleged" September 18, 2000 order. There is no evidence in the record supporting service of the notice of filing and there is no evidence supporting service of the "alleged" September 18, 2000 order itself upon the plaintiff.

21. As a result of the Minnesota Court of Appeals opinion, the plaintiff petitioned the Minnesota Supreme Court for review and on or about August 15, 2001 the Minnesota Supreme Court denied further review.

22. On or about August 27, 2001 the plaintiff removed the matter to the United States District Court for

the District of Minnesota and amended the complaint to add additional claims pursuant to Rule 15 of the Federal Rules of Civil Procedure. The Honorable Michael J. Davis in an order dated August 29, 2001denied the plaintiff's motion for a temporary restraining order and dismissed the matter.

23. The amendment to the complaint added two additional legal claims. One claim dealt with the conspiracy issue which will be addressed below and the second claim is that defendant Beverly Anderson conspired with the other defendants to withhold service of the alleged September 18, 2000 order suspending plaintiff's commercial driver's license. The plaintiff having never been served a notice of filing, or a copy of the "alleged" September 18, 2000 order itself, was unaware that an order had been issued. By withholding service of the "alleged" September 18, 2000 order the defendants deprived the plaintiff of his due process and equal protection rights guaranteed to him by the United States Constitution's Fourteenth Amendment and denied to the plaintiff appellate review. This "alleged" order was apparently stayed for 90 days as required by Minnesota Statute 518.551. However, if the order was never served on the plaintiff how would the plaintiff know when the 90 day period began to run? Further, if you do not appeal the order within the 90 day period which was the time limit at that time because you were never served by any of the opposing parties or Anoka County Court Administration the suspension takes effect automatically. The result is that the plaintiff's commercial driver's license license remained suspended and he was effectively denied his right to appellate review. The plaintiff reincorporates the claims made as they relate to this defendant in paragraphs 10, 16 and 17 and makes those same claims here.

24. On or about September 13, 2001 the plaintiff appealed Judge Davis' August 29, 2001 order to the United States Eighth Circuit Court of Appeals and in a decision filed March 11, 2002 the Eighth Circuit Court of Appeals vacated the dismissal and remanded to the district court for further proceedings.

25. On remand to the district court, the file was allowed to remain idle for a period of over two years by the Honorable Michael J. Davis until plaintiff's case came up on a review of pending cases. Judge Davis recused himself in the interests of justice and the case has now been transfered to the Honorable Richard H. Kyle for further proceedings.

26. The plaintiff's commercial driver's license remained suspended from December 4, 2000 to February 26, 2003 and was not reinstated until the plaintiff brought a motion to reinstate on November 8, 2002 when other disasters in the plaintiff life struck, and due to no fault of his own, was basically left homeless and was receiving medical assistance and fuel assistance with no assets and no employment. The motion that was filed set forth these obstacles. However, the plaintiff was willing to try to obtain employment but needed his commercial driver's license reinstated. Plaintiff was basically forced to enter into a payment agreement with Anoka County to pay two-hundred dollars ($200.00) a month towards back child support because there is no on-going child support obligation. Defendant Kay M. Gavinski, an Assistant Anoka County Attorney, represented Anoka County. The plaintiff reasserts the claims made in paragraphs 11 and 16 as they relate to defendants Lindberg, Estebo and Allen and makes those same claims here against defendant Kay M. Gavinski. Defendant Jill L. Prohofsky, a Child Support Magistrate, approved the agreement. The plaintiff reasserts the claims made in paragraphs 9, 10, 13 and 16 as they relate to defendants Fallek-Rogers, Anderson and Brandell and makes those same claims here against defendant Jill L. Prohofsky.

27. The plaintiff began to make the child support payments that he agreed to when several other problems with priority over back child support occured. The plaintiff fell behind on this monthly child support payments. The plaintiff made defendant Kelly O'brien aware that he was having financial problems via a voice mail message on her telephone. Nevertheless, on or about January 5, 2005 defendant Kelly O'Brien has served a notice of drivers license suspension for non-compliance with payment agreement. The notice states as follows:

The purpose of this notice is to tell you that you have failed to remain in compliance with your written payment agreement for child support and/or spousal maintenance. Failing to remain compliant with an approved written payment agreement is a basis to suspend a driver's license according to Minnesota Statutes, section 518.551, subd. 13. If you do not take one of the following steps within thirty (30) days of the date of this notice, we will direct the Commissioner of the Minnesota Department of Public Safety to suspend your driver's license. How To Prevent Suspension. You can prevent the suspension by taking one of the actions listed below within thirty (30) days of the date of this notice:

Pay the total amount past-due on your payment agreement; pay your child support arrears in full; or request a hearing in writing to contest the suspension. Send your request to your child support agency. The following are issues the court may take into consideration :

You do not owe the delinquent amount of at least one month on your payment agreement, or you are complying with a written payment agreement....

28. The license suspension process pursuant to Minnesota Statute 518.551, subds. 12 and 13 is unreasonable and arbitrary in that it allows child support officers, assistant county attorneys and the Commissioner of Public Safety to manipulate the system to deny hearings and to bypass the courts, statutes and rules and issue suspensions without any right to appeal. A written court order is apparently not even required. Further, Minnesota Statute 518.551, subds. 12 and 13 treats commercial driver's license holders different from any other holders of Minnesota occupational licenses and/or other Minnesota licensed drivers. This Statute and these subdivisions treat a commercial driver with harsher standards of treatment than those of any other holders of Minnesota occupational licenses and/or other Minnesota licensed drivers and therefore discriminates against those commercial driver's license holders and violates the plaintiff's right to due process and equal protection in violation of the United States Constitution's Fourteenth Amendment.

29. Defendant Susan Myklebye-Williams abused her discretion by issuing an eight (8) year retroactive child support order in favor of the State of Minnesota and Anoka County. Under Minnesota law, the Administrative Law Judges could not issue an order that extends any further back than the date the plaintiff filed his moving papers which was on or about November 23, 1996. Further, defendant Susan Myklebye-Williams improperly imputed minimum wage income and imputed net monthly income without any finding that the plaintiff was voluntarily unemployed which was required under Minnesota law before imputed income or wages could be considered. The plaintiff reincorporates the facts and legal claims made in paragraph 2 as it applies to defendant Susan Myklebye-Williams and makes those same claims against this defendant here.

30. The defendants have conspired under color of Minnesota Law in violation of the United States Constitution and the Minnesota State Constitution and they have met from time to time to discuss violating the plaintiff's clearly established constitutional rights that are guaranteed to him by the United States Constitution and the Minnesota State Constitution by trying to ruin him financially and cut-off his only means of support and survival which is his commercial driver's license.

31. It is plaintiff's claim that if Minnesota Statute 518.551 is unconstitutional, and in fact, the Minnesota Supreme Court has said so in the Holmberg, case cited supra., then the orders issued by the administrative law judges pursuant to Minnesota Statute 518.5511 are unconstitutional as well. The Minnesota Supreme Court is precluded from holding that the statute is only unconstitutional prospectively and that the statute and its judgments should be inoperative as if they had never been enacted.

32. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff will be irreparably harmed by the conduct of the defendants unless the Court grants the declaratory and injunctive relief requested by the plaintiff.

RELIEF

Wherefore, plaintiff respectfully requests that this Court enter a judgment granting plaintiff the following relief:

1. Issue a declaratory judgment declaring that the acts, policies and practices of the defendants violate the plaintiff's constitutional rights under the United States Constitution and the Minnesota State Constitution.

2. Issue a temporary, preliminary and permanent injunction which restrains the County of Anoka from suspending the plaintiff's commercial driver's license pursuant to Minnesota Statute 518.551 subds. 12 and 13 because Minnesota Statute 518.551 subds. 12 and 13 unlawfully discriminate against the plaintiff and

treats him differently, unequally and more harsh than any other Minnesota occupational licesnse holders or any other Minnesota driver's license holders and therefore violates plaintiff's constitutional right to equal protection that is guaranteed to him by the United States Constitution's Fourteenth Amendment.

3.Issue a judgment for compensatory or general damages in the amount of $50,000.00 against each and every one of the defendants.

4. Issue a judgment for punitive damages in the amount of $50,000.00 against each and every one of the defendants.

5. Trail by jury of all issues triable by jury.

6. Plaintiff's costs of this suit.

7. Such other relief as this Court deems just, proper and equitable.

Date February 1, 2005.

Lance Gerald Milliman
Plaintiff pro se
60009 373rd Street
Eden Valley, Minnesota 55329
(320) 420-3540