**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Lance Gerald Milliman,

Plaintiff,

vs.

Betty Jean Lindemoen, Charles Weaver,
Michael Campion, Beverly Anderson,
Kim Brandell, Susan Fallek-Rogers,
Jill Prohafsky, Colia Ceisel, Susan Myklebye-Williams,
Janice Allen, Dorrie Estebo, Bethany Lindberg,
Kay Gavinski, Robert Tipp and Kelly O'Brien,

Defendants.

Case No. 01-1563 RHK/RLE

**DEFENDANT ANOKA COUNTY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(d)**

**ORAL ARGUMENT REQUESTED**

---

## INTRODUCTION

This is a 42 U.S.C. § 1983 action brought by the Plaintiff challenging a series of decisions rendered by various child support magistrates or administrative law judges of the State of Minnesota as well as employees of Anoka County acting in their official capacity relating to the Plaintiff's child support obligations and the revocation of his driver's license for failure to meet such obligations attempting to enforce Minn. Stat. § 518.551, subds. 12 and 13.

In Plaintiff's Amended Complaint, he requests the issuance of a declaratory judgment declaring that the acts, policies and practices of Defendants in enforcing Minn. Stat. § 518.551, subds. 12 and 13 violates his constitutional rights under the United States Constitution and the Minnesota State Constitution; that the Court issue a temporary[1], preliminary and permanent injunction which restrains the County of Anoka

---

[1] Arguments on the Plaintiff's motion for a temporary injunction or temporary restraining order are set for March 31, 2005.

from suspending the Plaintiff's commercial driver's license, arguing that such a suspension violates the Fourteenth Amendment of the Unites States Constitution as well as a request for compensatory or general damages and punitive damages.

Plaintiff's Complaint should be dismissed for a number of reasons.

1. This court lacks subject matter jurisdiction over all of the claims under the Rooker-Speldman Doctrine.

2. This Court should abstain from hearing this action under the Younger v. Harris Abstention Doctrine.

3. This Court does not have jurisdiction to determine the state law claims as raised by the Plaintiff.

4. Each of the County Defendants in this action has qualified immunity against awards of damages.

As identified in Plaintiff's Complaint, this action involves a series of child support determinations dating back to at least May of 1988. (Complaint at pg. 2) The Complaint involves the decisions of the Administrative Law Judges as well as the actions of various County Defendants in attempting to enforce the child support obligations of the Plaintiff. As noted by Plaintiff in this Complaint, he challenges the suspension of his driver's license issued by the State of Minnesota on November 20, 2000 by filing an action in Anoka County District Court on or about February 7, 2001. (Plaintiff's Complaint, Paragraph 19) The District Court ruled against the Plaintiff and he appealed that decision to the Minnesota Court of Appeals which issued an opinion affirming the District Court's Order on June 14, 2001. Plaintiff then petitioned the Minnesota Supreme Court for review which denied the request on August 15, 2001. (Plaintiff's Complaint Paragraph 21)

Plaintiff then initiated this action in Federal District Court in an attempt to appeal the decisions of the Minnesota District Court, the Minnesota Court of Appeals and the Minnesota Supreme Court denying review. (Plaintiff's Complaint, Paragraph 22) Plaintiff's initial complaint was dismissed by an order of the Honorable Michael J. Davis

on August 29, 2001. Plaintiff appealed the dismissal. (Plaintiff's Complaint, Paragraph 24)

The Eighth Circuit Court of Appeals vacated the dismissal and remanded the matter to the District Court for further proceedings. As noted, the Plaintiff's driver's license was reinstated on November 8, 2002, when he entered into an agreement to make the back payments on his child support obligations. (*See* Findings of Fact, Conclusions of Law and Order and Payment Plan **Exhibit A and B respectively**) (Plaintiff's Complaint, Paragraph 26)

The Plaintiff began making the child support payments until "when several other problems with priority over back child support occurred," at which time "the Plaintiff fell behind in his monthly child support payments." (Plaintiff's Complaint, Paragraph 27) On or about January 5, 2005, as a result of his noncompliance with the payment plan, Plaintiff was subsequently served with another notice of driver's license suspension. (Plaintiff's Complaint, Paragraph 27)

Presently, Plaintiff's driver's license has not been suspended as a result of his nonpayment of child support obligations. (*See* Affidavit of Kay Gavinski). Further, the driver's license cannot be suspended until after a hearing has been held on the matter and pursuant to Minn. Stat. § 518.551, subds. 12 and 13. At this point, no hearing has yet been scheduled. (*See* Affidavit of Kay Gavinski)

## ARGUMENT

### 1. This court lacks subject matter jurisdiction over all of the claims under the Rooker-Speldman Doctrine.

Because the United States Supreme Court alone has jurisdiction to review state court decisions, the lower federal courts lack subject matter jurisdiction to consider federal claims that would in effect overturn an underlying state court judgment. Lemons v. St. Louis County, 222 Fed. 3d 488, 492 (8th Cir. 2000); Rooker v. Fidelity Trust

Company, 263 U.S. 413, 416 68 L.Ed. 362, 44 S.Ct. 491 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983). With the limited exception of habeas corpus actions, this principle, known as the Rooker-Feldman Doctrine applies whenever a federal claim essentially alleges "that the state court wrongly decided the issues before it." Simes v. Huckabee, 354 F.3d 823, 827 (8th Cir. 2004) (*quoting* Penzoil Co. vs. Texaco, Inc., 481 U.S. 1, 25 95 L.Ed. 2d 1, 107 S. Ct. 1519 (1987) (Marshall, J. concurring)).

Many, if not all, of Plaintiff's claims ask this court to consider issues identical to those which Plaintiff has already obtained a court decision on. Reviewing Plaintiff's Complaint shows he is asking this court to consider issues that he has already obtained a state court decision on and lost. Essentially, Plaintiff is challenging the state's judgment as inadequate and is asking the federal court for the same remedy as he requested in the state court. Whatever the validity might be of the Plaintiff's claims, Rooker-Feldman bars any review by this court because, Plaintiff's requested relief "would effectively reverse the state court decision or void its ruling." Bechtold v. City of Rosemount, 104 F.3d 1062, 1065 (8th Cir. 1977); *see also* Johnson v. City of Shorewood, 360 F.3d 810, 818-19 (2004).

In order to challenge the decision of the Minnesota District Court, which was upheld by the Minnesota Court of Appeals, with review denied by the Minnesota Supreme Court, Plaintiff's only recourse was to challenge the decisions to the United States Supreme Court by Writ of Certiorari. *See* Keen Corp. v. Cass, 908 F.2d 293, 296-97 (8th Cir. 1990).

As a result, Plaintiff's Complaint should be dismissed on the grounds that the Rooker-Feldman doctrine deprives it of subject matter jurisdiction over most, if not all, claims of Plaintiff in this matter.

**2. This Court should abstain from deciding Plaintiff's claims pursuant to the decision of Younger v. Harris.**

In Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971), the United States Supreme Court held that a District Court should not have heard an action seeking to enjoin an ongoing state criminal action absent unusual circumstances calling for an equitable relief. Younger v. Harris, 401 U.S. at 755. The U.S. Supreme Court in Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423 102 S. Ct. 2515 (1982) and in New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350 109, S. Ct. 1506 (1989) extended the younger abstention doctrine to state civil proceedings and to state administrative proceedings which are judicial in nature.

The pending proceedings that Plaintiff has raised in his Complaint are either state civil proceedings or administrative proceedings which are judicial in nature. These are clearly decisions to which the Younger Abstention doctrine applies. There is nothing precluding the Plaintiff from raising any of these claims in the administrative proceedings and on an appeal to the state judicial system. As Plaintiff stated in his memorandum in support on his motion for a temporary injunction at page 8, he has raised constitutional issues on numerous occasions in the lower courts before. This court should not interfere in those proceedings.

**3. Minn. Stat. § 518.551, subds. 12 and 13 are Constitutional.**

The constitutionality of Minn. Stat. § 518.551 on the issue of a suspension of a driver's license for failure to pay child support was before the United States District Court, District of Minnesota, Third Division in Darryl R. Petschen v. Governor of the State of Minnesota, Civil File No. 3-96-115 (D. Minn. April 26, 1996) (a copy of which is attached as **Exhibit C**). In his Memorandum and Order, the Honorable Paul A.

Magnuson, United States District Court Judge, denied an identical constitutional challenge to Minn. Stat. § 518.551, subd. 13. Further, similar statutes have been upheld in other jurisdictions. *See* Thompson v. Ellenbecker, 935 Fed. Supp. 1037 (Dist. S. D. 1995); State, Dept of Revenue, Child Support Enforcement Div. v. Beans, 965 P. 2d 725 (AK 1998); Amunrud v. Bd. of Appeals, 103 Pac. 3d 257 (Wash. App. 2004). Further, I could find no federal or state court case that found a similar statute to be unconstitutional.

In addition, an even more extreme form of sanction has been upheld by the United States Supreme Court against constitutional challenges. In Hicks v. Feiock, 45 U.S. 624, 108 S.Ct. 1423 (1988) the United States Supreme Court held that a civil contempt judgment to enforce a child support order is constitutionally valid. In Hicks, the defendant was found in contempt of court for failing to pay a court ordered child support payments. The defendant claimed that he was financially unable to make the payments. The state trial court held that the state law presumed that the defendant remained able to comply with the Order and found him to be in contempt of court. The Court of Appeals for California, Fourth Appellate District, Division Three reversed. *See* Hicks v. Feiock, 180 Cal. App. 3rd 649, 225 Cal. Rptr. 748, vacated and remanded.

In reaching its decision, the United States Supreme Court stated that the issue hinged on whether the matter was a civil or criminal proceeding. The Court went on to state:

> With regard to contempt cases, the proceedings and remedy are for civil contempt if the punishment is remedial and for the complainant's benefit, but if for criminal contempt, the sentence is punitive, to vindicate the court's authority. Thus, if the relief provided is a sentence of imprisonment it is remedial if the defendant stands committed unless and until he performs the affirmative act required by the court's order, and is punitive if the sentence is limited to a unconditional imprisonment for a definite period. If the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court. Thought a fine that is payable to the court is also remedial when the defendant can

avoid paying the fine simply by performing the act required by the court's order.

If an individual can be jailed for contempt of court for failing to pay child support, it is clear that the less punitive sanction of a loss of driver's license is also constitutional. Minn. Stat. § 518.551, subd. 13 clearly provides all safeguards necessary to ensure Plaintiff's due process rights. It requires a motion "which has been properly served on the obligor and upon which there has been an opportunity for a hearing…" Id. It requires a stay of the court's order for 90 days to allow the obligor to execute a written payment agreement. It further allows the obligor to remove the suspension of his license by

(1) provided proof to the public authority responsible for child support enforcement that the obligor is in compliance with all payment agreements pursuant to Section 518.553;

(2) bring motions for reinstatement of the driver's license. At the hearing, if the court or child support magistrate orders a reinstatement of the driver's license, the court or magistrate must establish a written payment agreement pursuant to Minn. Stat. § 518.553; or

(3) seek a limited license under Minn. Stat. § 171.30. A limited license issued to a obligor under Minn. Stat. § 171.30 expires 90 days after the date it is issued.

Minn. Stat. § 518.551, subd. 13(3)

Based on the above, it is clear that this a civil action, remedial in nature and is constitutional.

**4. The County Employees are Entitled for Qualified Immunity for Their Actions in this Matter.**

Qualified immunity shields government officials from federal suit unless their conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L.Ed. 2d 396, 102 S. Ct. 2727 (1982) . The purpose of qualified immunity is to "allow public officers to carry out their duties as they believe are correct and consistent with good public policy…". Sparr v. Ward, 306 F.3d 589, 593 (8th Cir. 2002).

In determining the application of qualified immunity, the inquiry of the Court "focuses on the objective legal reasonableness of the officials acts," and the qualified immunity defense fails if the official violates a clearly established right because "a reasonably competent public official should know the law governing his conduct." Harlow, 457 U.S. at 818-19.

In reviewing this the Court needs to apply a two part analysis. First, has the Plaintiff alleged a violation of a constitutional right?; second, was that right "clearly established at the time of the alleged violation?" Manzano v. S.D. Dep't of Soc. Servs., 60 F.3d 505, 509 (8th Cir. 1995).

In the present matter, Plaintiff cannot show a violation of a constitutional right. As shown in the previous argument, Plaintiff claims that the statute violates his constitutional rights are clearly without merit. Secondly, even assuming that Plaintiff has alleged a violation of a constitutional right, it is clear, based on the preceding arguments that that right was not clearly established at the time of the alleged violation. As noted, the law has withstood a constitutional challenge in this district court as well as in other district courts and state courts. Thus, all of the County Defendants are entitled to qualified immunity.

## CONCLUSION

Based on the above, it is respectfully submitted that Plaintiff's Complaint be dismissed in its entirety.

**Respectfully submitted,**

**ROBERT M.A. JOHNSON**
**ANOKA COUNTY ATTORNEY**

Dated: March 21, 2005.

s/ Thomas G. Haluska
Thomas G. Haluska (#39986)
Assistant Anoka County Attorney
Anoka County Government Center
2100 Third Avenue
Anoka, MN 55303
(763) 323-5670