**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Lance Gerald Milliman,

Plaintiff,

vs.

Betty Jean Lindemoen, Charles Weaver, Michael Campion, Beverly Anderson, Kim Brandell, Susan Fallek-Rogers, Jill Prohafsky, Colia Ceisel, Susan Myklebye-Williams, Janice Allen, Dorrie Estebo, Bethany Lindberg, Kay Gavinski, Robert Tipp and Kelly O'Brien,

Defendants.

Case No. 01-1563 RHK/RLE

**DEFENDANT ANOKA COUNTY'S MEMORANDUM IN OPPOSITION TO THE TEMPORARY RESTRAINING ORDER**

**ORAL ARGUMENT REQUESTED**

---

## INTRODUCTION

This is a 42 U.S.C. § 1983 action brought by Plaintiff, as he states, concerning:

> "A situation where there has been over a twenty (20) year battle back and forth between the Plaintiff and the Anoka County Defendants over constitutional issues and Anoka County's policies and practices as they relate to violating people's constitutional rights."

Plaintiff's Memorandum in Support of a Temporary Restraining Order, pg. 8.

For the reasons stated below, it is the County Defendants'[1] position that:

1. This Court lacks subject matter jurisdiction.

2. This Court should abstain from hearing this matter.

3. Plaintiff's request for a temporary restraining order does not meet the requirements specified in Data Phase Sys., Inc. v. CL Sys., Inc., 640 Fed. 2d 109 (8th Cir. 1981).

---

[1] The County Defendants are identified as Janice Allen, Dorrie Estebo, Bethany Lindberg, Kay Gavinski, Robert Tipp and Kelly O'Brien and represented by Anoka County.

## ARGUMENT

### 1. This Court lacks subject matter jurisdiction.

Because the United States Supreme Court alone has jurisdiction to review state court decisions, the lower federal courts lack subject matter jurisdiction to consider federal claims that would violate an underlying state court judgment. Lemons v. St. Louis County, 222 Fed. 3d 488, 492 (8th Cir. 2000); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 68 L.Ed. 362, 44 S.Ct. 491 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983). With the limited exception of habeas corpus actions, this principle, known as the Rooker-Feldman Doctrine applies when ever a federal claim essentially alleges "that the state court wrongly decided the issues before it." Simes v. Huckabee, 354 F.3d 823, 827 (8th Cir. 2004) (*quoting* Penzoil Co. vs. Texaco, Inc., 481 U.S. 1, 25 95 L.Ed. 2d 1, 107 S. Ct. 1519 (1987) (Marshall, J. concurring)).

Many, if not all, of Plaintiff's claims ask this court to consider issues identical to those which Plaintiff has already obtained a court decision on. Reviewing Plaintiff's Complaint shows he is asking this court to consider issues that are identical to those which he has already obtained a state court decision on and lost. Essentially, Plaintiff is challenging the state's judgment as inadequate and is asking the federal court for the same remedy as he requested in the state court. Whatever the validity might be of the Plaintiff's claims, Rooker v. Feldman bars any review by this federal court because Plaintiff's requested relief "would effectively reverse the state court decision or void its ruling." Bechtold v. City of Rosemount, 104 F.3d 1062, 1065 (8th Cir. 1977); *see also* Johnson v. City of Shorewood, 360 F.3d 810, 818-19 (2004).

In order to challenge the decision of the Minnesota District Court, which was upheld by the Minnesota Court of Appeals, with review denied by the Minnesota Supreme Court, Plaintiff's only recourse was to challenge the decisions to the United

States Supreme Court by Writ of Certiorari. *See* Keen Corp. v. Cass, 908 F.2d 293, 296-97 (8th Cir. 1990).

As a result, Plaintiff's request for a temporary restraining order should be dismissed on the grounds that the Rooker-Feldman doctrine deprives it of subject matter jurisdiction over most, if not all, claims of Plaintiff in this matter.

**2. This Court should abstain from hearing Plaintiff's claims.**

In Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971), the United States Supreme Court held that a District Court should not have heard an action seeking to enjoin an ongoing state criminal action absent unusual circumstances calling for an equitable relief. Younger v. Harris, 401 U.S. at 755. The U.S. Supreme Court in Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423 102 S. Ct. 2515 (1982) and in New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350 109, S. Ct. 1506 (1989) extended the younger abstention doctrine to state civil proceedings and to state administrative proceedings which are judicial in nature.

The pending proceedings that Plaintiff has raised in his Complaint are either state civil proceedings or administrative proceedings which are judicial in nature. These are clearly decisions to which the Younger Abstention doctrine applies. There is nothing precluding the Plaintiff from raising any of these claims in the administrative proceedings and on an appeal to the state judicial system. As Plaintiff stated in his memorandum in support on his motion for temporary restraining order or temporary injunction at page 8, he has raised constitutional issues on numerous occasions in the lower courts before.

**3. Plaintiff's request for a temporary restraining order does not meet the requirements specified in Data Phase Sys., Inc. vs. CL Sys., Inc., 640 Fed. 2d 109 (8th Cir. 1981).**

In Data Phase Sys., Inc., 640 Fed. 2d at 113, the 8th Circuit Court of Appeals identified four factors that District Courts must consider when deciding whether to grant preliminary injunctions:

(1) The threat of irreparable harm to the movant;

(2) The state of the balance between this harm that granting the injunction will inflict on other party's litigants;

(3) The probability that the movant will succeed on the merits; and

(4) The public interest.

Plaintiff, in the present action, cannot meet any of the considerations laid down in Data Phase Sys., Inc..

**a. The Threat of Irreparable Harm to the Movant.**

Plaintiff argues that the loss of his commercial driver's license will result in the loss of his job. Plaintiff, however, fails to identify what the job is and how a commercial driver's license is applicable to that job. Further, Plaintiff has only identified a financial loss that will be incurred. Even that loss, based upon the facts presented by the Plaintiff, is speculative and further can be addressed in a money judgment should Plaintiff be able to succeed on the merits. Without a finding of an irreparable injury, a temporary restraining order should not be issued. *See* Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 Fed. 2d 734, 738 (8th Cir. 1989) (*en banc*).

**b. The State of the Balance Between This Harm That Granting the Injunction Will Inflict on Other Party's Litigants.**

As Plaintiff has indicated, he has owed an obligation of child support for over 20 years. Plaintiff's Memorandum of Law, pg. 8. The last time the Plaintiff was before the Court was February 25, 2003, (*See* Findings of Fact, Conclusions of Law and Order In the Matter of: In Re Marriage of Betty Jean Milliman, Petitioner and Lance Gerald

Milliman, Respondent, County of Anoka, Intervener, State of Minnesota, County of Anoka, District Court, Tenth Judicial District, Court File No. F9-88-10474, copy of which is attached as **Exhibit A**).

Plaintiff acknowledged that he signed a payment plan on February 19, 2003, promising to pay $200.00 per month towards his child support arrears on the first of each month beginning on February 1, 2003. (*See* Payment Plan **Exhibit B**). As noted, Plaintiff has repeatedly in the past been found responsible for payment of child support. These matters have been before the District Court in Anoka County, and in fact in his last appearance he acknowledged his financial obligation. Further, as Plaintiff noted the obligee, his ex-wife Betty Jean Lindemoen, has herself experienced financial harm. *See* Plaintiff's Memorandum pg. 8. This is a long-standing debt that is owed and he should be under the continuing obligation to pay. Any delay will just further increase the harm of those he owes his support obligation to.

**c. The Probability that Movant will Succeed on the Merits.**

It is very doubtful that the Plaintiff will succeed on the merits of this matter. The identical issue is before the United States District Court, District of Minnesota, Third Division in Darryl R. Petschen v. Governor of the State of Minnesota, Court File No. 3-96-115. In the Memorandum and Order, the Honorable Paul A. Magnuson, United States District Court Judge, on April 26, 1996, (a copy of which is attached as **Exhibit C**) denied a constitution challenge to an identical statute, Minn. Stat. § 518.551, subd. 13. Similar statutes have been upheld in other jurisdictions. *See* Thompson v. Ellenbecker, 935 Fed. Supp. 1037 (Dist. S. D. 1995); State, Dept of Revenue, Child Support Enforcement Div. v. Beans, 965 P. 2d 725 (AK 1998); Amunrud v. Bd. of Appeals, 103 Pac. 3d 257 (Wash. App. 2004). Further, I could find no federal or state court case that found a similar statute to be unconstitutional.

In addition, an even more extreme form of sanction has been upheld by the United States Supreme Court against constitutional challenges. In Hicks v. Feiock, 45 U.S. 624, 108 S.Ct. 1423 (1988) the United States Supreme Court held that a civil contempt judgment to enforce a child support order is constitutionally valid. In Hicks, the defendant was found in contempt of court for failing to pay a court ordered child support payments. The defendant claimed that he was financially unable to make the payments. The state trial court held that the state law presumed that the defendant remained able to comply with the Order and found him to be in contempt of court. The California Court of Appeals reversed.

In reaching its decision, the United States Supreme Court stated that the issue hinged on whether the matter was a civil or criminal proceeding. The Court went on to state:

> With regard to contempt cases, the proceedings and remedy are for civil contempt if the punishment is remedial and for the complainant's benefit, but if for criminal contempt, the sentence is punitive, to vindicate the court's authority. Thus, if the relief provided is a sentence of imprisonment it is remedial if the defendant stands committed unless and until he performs the affirmative act required by the court's order, and is punitive if the sentence is limited to a unconditional imprisonment for a definite period. If the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court. Thought a fine that is payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the act required by the court's order.

If an individual can be jailed for contempt of court for failing to pay child support, it is clear that the less punitive sanction of a loss of driver's license is also constitutional. Minn. Stat. § 518.551, subd. 13 clearly provides all safeguards necessary to ensure Plaintiff's due process rights. It requires a motion "which has been properly served on the obligor and upon which there has been an opportunity for a hearing…" Id. It requires a stay of the court's order for 90 days to allow the obligor to execute a written payment agreement. It further allows the obligor to remove the suspension of his license by

(1) provided proof to the public authority responsible for child support enforcement that the obligor is in compliance with all payment agreements pursuant to Section 518.553;

(2) bring motions for reinstatement of the driver's license. At the hearing, if the court or child support magistrate orders a reinstatement of the driver's license, the court or magistrate must establish a written payment agreement pursuant to Minn. Stat. § 518.553; or

(3) seek a limited license under Minn. Stat. § 171.30. A limited license issued to a obligor under Minn. Stat. § 171.30 expires 90 days after the date it is issued.

Minn. Stat. § 518.551, subd. 13(3)

Based on the above, it is clear that this a civil action, remedial in nature and is constitutional.

**d. The Public Interest.**

Child support enforcement is a national issue. The federal government has long been involved in efforts to collect child support, including the Child Support Enforcement Act, located at Part D of Title IV of the Social Security Act, and further, was directly involved with the issue before this court in the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (*See* Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105). The act, among other things, requires employers to report new hires in an effort to track delinquent non-custodial parents, allow the state to seize assets, request the denial of the issuance or revocation of passports, and revoke professional and driver's licenses to collect child support arrears. *See* 2003 Michigan State DLC L. Rev. 357, 365.

Clearly, the identified public policy to enforce the collection of child support clearly favors the denial of a temporary restraining order or injunction in this matter.

**CONCLUSION**

For the reasons stated above, it is respectfully requested that the request for a temporary restraining order and temporary injunction in this matter be denied.

**Respectfully submitted,**

**ROBERT M.A. JOHNSON**
**ANOKA COUNTY ATTORNEY**

Dated: March 21, 2005.

s/ Thomas G. Haluska

Thomas G. Haluska (#39986)
Assistant Anoka County Attorney
Anoka County Government Center
2100 Third Avenue
Anoka, MN 55303
(763) 323-5670