UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lance Gerald Milliman,

Plaintiff,

vs.

Betty Jean Lindemoen, Charles Weaver, Michael Campion, Beverly Anderson, Kim Brandell, Susan Fallek-Rogers, Jill Prohofsky, Colia Ceisel, Susan Myklebye-Williams, Janice Allen, Dorrie Estebo, Bethany Lindberg, Kay Gavinski, Robert Tipp, and Kelly O'Brien,

Defendants.

Civil File No. 01-1563 RHK/RLE

**MEMORANDUM OF LAW OF DEFENDANT CAMPION IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## INTRODUCTION

Plaintiff pro se Lance Gerald Milliman, a child-support obligor, has moved for a temporary restraining order and a preliminary injunction. *See* Docket #26-28. His motion requests that the Court: (1) enjoin Defendant Michael Campion, the Commissioner of the Minnesota Department of Public Safety, from suspending his commercial driver's license under Minn. Stat. § 518.551, subd. 13 (2004) for failure to pay child support; and (2) enjoin Anoka County from taking any action to suspend his commercial driver's license under this statute. The asserted grounds for Milliman's motion are that his commercial driver's license may be suspended under the statute in a pending state court proceeding, he will have no means of support if his license is suspended, and the suspension statute is unconstitutional.

The Court should deny Milliman's motion under the *Younger* abstention doctrine, because he asks the Court to enjoin an ongoing state judicial proceeding. If the Court does not abstain, it should deny the motion because Milliman has failed to show irreparable harm and his

constitutional challenge has little likelihood of success. Thus, the Court should deny Milliman's motion based on abstention or failure to meet the requirements for preliminary injunctive relief.

**FACTS**

Plaintiff Milliman's driver's license was suspended in December 2000 for non-payment of child support. Amended Complaint ¶ 26. His license was reinstated in February 2003 after he entered into a payment agreement with Anoka County. *Id.*; Exhibit A to Anoka County Defs.' Mem. in Opp. to TRO. On January 5, 2005, Anoka County served Milliman with a notice of driver's license suspension for non-compliance with the payment agreement. Amended Complaint ¶ 27. The notice stated that Anoka County would direct the Department of Public Safety to suspend Milliman's driver's license unless, within thirty days, Milliman came into compliance or requested a court hearing to contest the suspension. *Id.*; *see also* Minn. Stat. § 518.551, subd. 13(h) (2004). Milliman requested a court hearing on February 2, 2005. Pl.'s Mem. in Supp. of Mot. for TRO & Prelim. Inj., at 2. The hearing has not yet been scheduled. Gavinski Affidavit ¶ 3.

Milliman has a valid Class D (general) and Class A (commercial) driver's license. Oscarson Affidavit ¶ 2. His driver's license is not suspended. *Id.* Because Milliman has requested a court hearing in the pending child-support enforcement proceeding against him in Anoka County, the Department of Public Safety cannot suspend Milliman's driver's license for failure to pay child support unless, after the hearing, the court orders that his license be suspended. *Id.*; Gavinski Affidavit ¶ 3; Minn. Stat § 171.186, subd. 1 (2004).

In the event Milliman's driver's license is suspended based on a court order in the pending Anoka County child-support enforcement proceeding, he could apply to the Department for a limited Class D driver's license under Minn. Stat. §171.30 (2004). Oscarson Affidavit ¶ 3;

Minn. Stat. § 171.186, subd. 4. A limited license is valid for up to 90 days. *Id.* Milliman would be eligible to apply for a limited Class D license because he has not previously been issued a limited license. *Id.*

In his motion and supporting memorandum and affidavit, Milliman asserts that he will have no means of support if his commercial driver's license is suspended under Minn. Stat. § 518.551, subd. 13. He provides no explanation, however, for why the suspension of his commercial driver's license would have this effect, does not identify his job or work, or explain why he could not find alternative means of support, including with a limited license.[1]

A similar motion by Milliman for preliminary injunctive relief was summarily denied by Judge James M. Rosenbaum in a virtually identical lawsuit that Milliman brought in 2002. *Milliman v. Lindemoen, et al.*, Civil File No. 00-2574, Order, Docket #9 (D. Minn. Dec. 29, 2000), *aff'd*, No. 01-1225 (8th Cir. July 18, 2001).

The State Defendants and the Anoka County Defendants are all moving to dismiss Milliman's amended complaint. The motions to dismiss are scheduled to be head by the Court on May 26, 2005.

## ARGUMENT

### I. PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION SHOULD BE DENIED UNDER THE *YOUNGER* ABSTENTION DOCTRINE.

The *Younger* absention doctrine directs federal courts to abstain from adjudicating claims that seek to enjoin an ongoing state criminal proceeding. *Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746 (1971). The doctrine has been extended to state civil proceedings and to state

[1] Milliman's motion also refers to subdivision 12 of Minn. Stat. § 518.551. This part of the statute provides for the suspension of occupational licenses, not a driver's license, and thus is irrelevant to his request for injunctive relief. *See* Minn. Stat. § 518.551, subd. 12 (2004).

administrative proceedings that are judicial in nature. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S. Ct. 2515 (1982).

Mlliman's motion directly implicates the *Younger* abstention doctrine because he asks the Court to enjoin the pending Anoka County child-support enforcement proceeding and the Commissioner of Public Safety's compliance with a driver's license suspension order that the state court may issue in that proceeding. He contends that Anoka County and the Commissioner should be enjoined based on his claim that the statute authorizing such suspensions for non-payment of child support, Minn. Stat. § 518.551, subd. 13(h) (2004), violates his right to due process and equal protection.

Abstention is proper under *Younger* when there is: (1) an ongoing state judicial proceeding; (2) an important state interest implicated in the state proceeding; and (3) an adequate opportunity in the state proceeding to raise constitutional challenges. *See Middlesex*, 457 U.S. at 432, 102 S. Ct. at 2521. Each of these criteria is present here.

First, the pending Anoka County child-support enforcement proceeding is a state judicial proceeding as it involves a court hearing. *See* Minn. Stat. § 518.551, subd. 13(h). Second, the proceeding implicates an important state interest. *See Doll v. Barnell,* Nos. A04-925, A04-1146, 2005 WL 646344 *5 (Minn. Ct. App. Mar. 22, 2005) (stating that "[m]any decisions of this court and the supreme court have recognized a substantial state interest in ensuring child support for the state's children")*; Rooney v. Rooney*, 669 N.W.2d 362, 370 (Minn. Ct. App. 2003) (recognizing that the state has a compelling interest in collecting child support payments), *rev. denied* (Minn. Nov. 25, 2003), *cert. denied*, 124 S. Ct. 2075 (2004). Finally, Milliman may raise his constitutional challenge to the driver's license suspension statute in the state district court proceeding and any subsequent appeal to the Minnesota Court of Appeals.

The fact that Milliman bases his request for injunctive relief on a constitutional challenge does not change the result under the *Younger* abstention doctrine. *Younger* itself involved a First Amendment challenge to an ongoing criminal prosecution, but the constitutional challenge was insufficient to require the federal court to ignore principles of federalism and interfere with the state's proceedings. *Younger*, 401 U.S. at 43-45, 91 S. Ct. at 750-51; *see also Middlesex*, 457 U.S. at 431, 102 S. Ct. at 2521 ("Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights.").

Accordingly, because Milliman's motion seeks to enjoin a pending state court proceeding and the criteria of the *Younger* doctrine are present, the Court should deny the motion based on abstention.

## II. PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION SHOULD BE DENIED BECAUSE HE CANNOT ESTABLISH IRREPARABLE HARM AND IS UNLIKELY TO SUCCEED ON HIS CONSTITUTIONAL CHALLENGE TO MINN. STAT. 518.551, SUBD. 13 (2004).

If the requisite showing is made, Fed. R. Civ. P. 65 permits a court to grant preliminary injunctive relief in the form of a temporary restraining order or a preliminary injunction. A court may only grant a temporary restraining order upon a clear showing, based on specific facts, by the moving party that: (1) immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (2) the court is advised what, if any, measures have been taken to give notice to the opposing party and why notice should not be required. Fed. R. Civ. P. 65(b).

The test for whether a preliminary injunction should be granted is set forth in *Dataphase Sys. v. CL Sys.*, 640 F.2d 109 (8th Cir. 1981) (en banc). "[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other

parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Id.* at 114. "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

Milliman has not met his burden of establishing that the requested preliminary injunctive relief should be granted. Thus, the Court should deny Milliman's motion for this reason if the Court does not deny it based on *Younger* abstention.

**A. Irreparable Harm.**

As noted above, Milliman merely makes a conclusory assertion that he will have no means of support if his commercial driver's license is suspended. He provides no facts to support this assertion. Nor does he explain how the alleged harm from a suspension could not be ameliorated by him applying for and obtaining a limited license. In addition, Milliman makes no showing that a decision on the suspension of his driver's license will be made in the Anoka County child-enforcement proceeding before this Court is able to rule on the merits of his constitutional challenge to Minn. Stat. § 518.551, subd. 13.

This failure to demonstrate irreparable injury is alone a sufficient ground to deny Milliman's motion for preliminary injunctive relief. *See Goff*, 60 F.3d at 520.

**B. Probability Of Success On The Merits.**

The claim in Milliman's amended complaint that is the basis for this motion is his challenge to the constitutionality of Minn. Stat. § 518.551, subd. 13. He claims that the statute violates due process and equal protection by providing for the suspension of a person's commercial driver's license for non-payment of child support obligations. *See* Amended Complaint ¶ 28. This challenge is unlikely to succeed for the reasons set forth in *Petschen v. Governor of State of Minnesota,* Civil File No. 3-96-115, Memorandum & Order (D. Minn. April

26, 1996), a copy of which has been submitted as Exhibit B to the Anoka County Defendants' response to Milliman's motion.

In *Petschen*, Judge Magnuson rejected claims that the suspension of a commercial driver's license under Minn. Stat. 518.551, subd. 13, violates due process and equal protection. Judge Magnuson recognized that there is "no constitutional fundamental right to a Minnesota driver's license" and, therefore, a challenge to the driver's license suspension statute is subject to only rational basis review. *Petschen*, Mem. & Order at 9.

Judge Magnuson found that "[t]he State has a legitimate interest in promoting the welfare of children, and also in preserving the fiscal integrity of its welfare programs." *Petschen*, Mem. & Order at 6 (citation omitted). Judge Magnuson then concluded that "collection of child support as facilitated by the threat of loss of a driver's license is rationally related to and advances the legitimate governmental interest in promoting the welfare of children and in preserving the fiscal integrity of the State's welfare programs." *Id.* at 9-10. Accordingly, Judge Magnuson ruled that Minn. Stat. 518.551, subd. 13, does not violate the due process or equal protection rights of a person with a commercial driver's license. *Id.* at 13-14.

Moreover, every reported decision addressing a constitutional challenge to similar statutes has upheld the constitutionality of suspending drivers' licenses for failure to pay child support. *See Thompson v. Ellenbecker*, 935 F. Supp. 1037 (D. S.D. 1995); *Amunrud v. Board of Appeals*, 103 P.3d 257 (Wash. Ct. App. 2004); *Tolces v. Trask,* 90 Cal. Rptr.2d 294 (Cal. Ct. App. 1999); *Alaska v. Beans,* 965 P.2d 725 (Alaska 1998). There is no reported decision striking down a statute that provides for the suspension of drivers' licenses for non-payment of child support obligations.

Thus, it is clear that Milliman's challenge to the constitutionality of Minn. Stat. 518.551, subd. 13, is unlikely to succeed. This is yet a further reason that his motion for preliminary injunctive relief should be denied.[2]

**C. Public Interest and Balance of Harms.**

There clearly is a strong public interest in the enforcement of child-support obligations. *See Putz v. Putz,* 645 N.W.2d 343, 352 (Minn. 2002) (noting strong state policy of assuring that children have adequate and timely economic support of their parents); *Murphy v. Murphy,* 574 N.W.2d 77, 82 (Minn. Ct. App. 1998) (holding that "the state has a compelling interest in assuring parents provide primary support for their children"). This interest would be undermined if the Court enjoined the pending child-support enforcement proceeding and the potential suspension of Milliman's commercial driver's license. Such harm to the public interest, and the State's obligation to protect that interest, is certainly not outweighed by Milliman's conclusory and factually unsupported assertion of harm from a suspension of his commercial driver's license.

In sum, in the event the Court does not deny Milliman's motion under the *Younger* abstention doctrine, it should deny the motion based on Milliman's failure to make the requisite showing to obtain the requested preliminary injunctive relief.

[2] The lack of merit in Milliman's constitutional challenge, as well as his other claims, is discussed fully in the memorandum of law in support of the motion to dismiss of Defendant Campion and the other State Defendants, which will be filed and served on March 28, 2005.

## CONCLUSION

The Court should deny Plaintiff's motion for a temporary restraining order and a temporary injunction.

Dated: March 24, 2005

Respectfully submitted,

**s/ John S. Garry____**
John S. Garry
Bar Number 208899
Erika Schneller Sullivan
Bar Number 0288056
Mike Hatch
Attorney General
State of Minnesota
Attorneys for Defendant Campion

445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2128
Telephone: (651) 282-5719
Fax: (651) 282-5832

AG: #1389528-v1