UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lance Gerald Milliman,

Plaintiff,

vs.

Betty Jean Lindemoen, Charles Weaver, Michael Campion, Beverly Anderson, Kim Brandell, Susan Fallek-Rogers, Jill Prohofsky, Colia Ceisel, Susan Myklebye-Williams, Janice Allen, Dorrie Estebo, Bethany Lindberg, Kay Gavinski, Robert Tipp, and Kelly O'Brien,

Defendants.

Civil File No. 01-1563 RHK/RLE

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS WEAVER, CAMPION, ANDERSON, BRANDELL, FALLEK-ROGERS, PROHOFSKY, CEISEL, AND MYKLEBYE-WILLIAMS**

## INTRODUCTION

This is a pro se action under 42 U.S.C. § 1983 by Plaintiff Lance Gerald Milliman, a child-support obligor who is the subject of a pending state court proceeding to suspend his driver's license for non-payment of child support. He sues his ex-wife and various Anoka County officials who have been involved in his state child support proceedings. Milliman also sues current and former Minnesota child support magistrates and administrative law judges, Beverly Anderson, Kim Brandell, Susan Fallek-Rogers, Jill Prohofsky, Colia Ceisel, and Susan Myklebye-Williams, who issued decisions in his state child support proceedings; the former Commissioner of the Minnesota Department of Public Safety, Charles Weaver; and the current Commissioner, Michael Campion (collectively "the State Defendants"). Milliman sues all the Defendants in both their official and individual capacities. *See* Amended Complaint p. 2.

In his amended complaint, Milliman claims that the statute authorizing the suspension of a driver's license for non-payment of child support, Minn. Stat. § 518.551, subd. 13 (2004), violates his right to equal protection and substantive due process. Amended Complaint ¶ 28. On

the basis of this claim, he seeks declaratory and injunctive relief preventing the suspension of his commercial driver's license under the statute in the pending child support enforcement proceeding against him. *Id*. at pp. 9-10 (prayer for relief).

Milliman also makes damages claims against the State Defendants in his Amended Complaint. He seeks damages against the Defendant child support magistrates and administrative law judges based on his claim that their child support decisions violated his constitutional rights. *See* Amended Complaint ¶¶ 2, 3, 9, 10, 13, 16, 23, 29. He seeks damages from the Defendant former Commissioner of Public Safety for the suspension of Milliman's driver's license in 2000, which was required by a state court order and upheld by the state courts when challenged by Milliman. *See id*. at ¶¶ 17-21.

Milliman's claim for declaratory and injunctive relief fails because: (1) the Court should decline to address the claim under the *Younger* abstention doctrine; (2) the clam is barred by the Eleventh Amendment to the extent it is based on state law; and (3) if the Court addresses Milliman's federal due process and equal protection challenge to the driver's license suspension statute, the challenge fails because the statute clearly satisfies the rational basis test.

Milliman's damages claims fail because: (1) the claims are barred in their entirety by the *Rooker-Feldman* doctrine; (2) the claims against the State Defendants in their official capacities are also barred by the Eleventh Amendment; (3) the claims against the Defendant child support magistrates and administrative law judges in their individual capacities are further barred by judicial immunity; and (4) the Court should decline to exercise supplemental jurisdiction over the claims to the extent they are based on alleged violation of state law.

Accordingly, the Court should grant the State Defendants' motion to dismiss Milliman's amended complaint for lack of subject matter jurisdiction and failure to state a claim.

## STANDARD OF REVIEW

The existence of subject matter jurisdiction in federal court is a question of law. *Keene Corp. v. Cass,* 908 F.2d 293, 296 (8th Cir. 1990). A federal court must dismiss an action if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

The existence of the requirements for *Younger* abstention is a question of law and such abstention is otherwise in the court's discretion. *See Cedar Rapids Celluar Tel., L.P. v. Miller*, 280 F.3d 874, 878 (8th Cir. 2002). The constitutionality of a statute is a question of law. *See United States v. McMurray*, 34 F.3d 1405, 1413 (8th Cir. 1994), *cert. denied*, 513 U.S. 1179 (1995).

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss for failure to state a claim should be granted where it is clear no relief could be granted under any set of facts that could be proved consistent with the complaint. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832 (1989). Thus, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Id.* at 326, 109 S. Ct. at 1832. Whether a complaint states a cause of action is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

## ARGUMENT

### I. PLAINTIFF'S CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF, BASED ON HIS CONSTITUTIONAL CHALLENGE TO MINN. STAT. § 518.551, SUBD. 13 (2004), FAILS UNDER THE *YOUNGER* ABSTENTION DOCTRINE, THE ELEVENTH AMENDMENT, AND BECAUSE THE STATUTE SATISFIES THE RATIONAL BASIS TEST.

Plaintiff Milliman is the subject of a pending state court proceeding brought by Anoka County under Minn. Stat. § 518.551, subd. 13(h) (2004), to suspend Milliman's driver's license for failure to comply with a child support payment agreement. *See* Amended Complaint ¶¶ 26-27. Milliman seeks declaratory and injunctive relief to prevent the suspension of his

commercial driver's license in the state proceeding based on his contention that subdivision 13 of the statute violates equal protection and substantive due process. *See id.* at ¶ 28 and pp. 9-10.[1]

Milliman's claim for declaratory and injunctive relief fails because: (1) under *Younger* abstention, the Court should decline to exercise jurisdiction over the claim; (2) the Eleventh Amendment deprives the Court of subject matter jurisdiction over the claim to the extent it is based on state law; and (3) if the Court addresses Milliman's federal constitutional challenge to the driver's license suspension statute, the challenge fails under the governing rational basis test.

**A. Under the *Younger* Abstention Doctrine, The Court Should Decline To Address Plaintiff's Claim For Declaratory And Injunctive Relief.**

The *Younger* absention doctrine directs federal courts to abstain from adjudicating claims that seek to enjoin an ongoing state criminal proceeding. *Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746 (1971). The doctrine has been extended to state civil proceedings and to state administrative proceedings that are judicial in nature. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S. Ct. 2515 (1982); *Cedar Rapids Celluar Tel., L.P. v. Miller*, 280 F.3d 874, 879 (8th Cir. 2002). *Younger* abstention applies fully in cases, as here, of a federal court claim under 42 U.S.C. § 1983 involving state civil proceedings. *Cedar Rapids Celluar*, 280 F.3d at 881.

Milliman's claim for declaratory and injunctive relief directly implicates the *Younger* abstention doctrine because the claim seeks to have the Court enjoin the pending Anoka County

[1] Milliman's amended complaint also challenges subdivision 12 of Minn. Stat. § 518.551, which is the part of the statute that provides for the suspension of occupational licenses, not a driver's license. *See* Minn. Stat. § 518.551, subd. 12 (2004). Milliman makes no allegation that he holds or is attempting to obtain an occupational license and, therefore, has no standing to seek declaratory and injunctive relief to prevent the application of subdivision 12 of the statute. *See Thompson v. Ellenbecker*, 935 F. Supp. 1037, 1039 (D. S.D. 1995).

child support enforcement proceeding and the Commissioner of Public Safety's compliance with a driver's license suspension order that the state court may issue in that proceeding. Milliman contends that Anoka County and the Commissioner should be enjoined based on his contention that the statute authorizing such suspensions for failure to comply with a child support payment agreement, Minn. Stat. § 518.551, subd. 13(h), should be declared to violate his right to equal protection and substantive due process.

Abstention is proper under *Younger* when there is: (1) an ongoing state judicial proceeding; (2) an important state interest implicated in the state proceeding; and (3) an adequate opportunity in the state proceeding to raise constitutional challenges. *See Middlesex*, 457 U.S. at 432, 102 S. Ct. at 2521. Each of these criteria is present here.

First, the pending Anoka County child support enforcement proceeding is a state judicial proceeding as it involves a court hearing. *See* Minn. Stat. § 518.551, subd. 13(h). Second, the proceeding implicates an important state interest. *See Doll v. Barnell,* Nos. A04-925, A04-1146, 2005 WL 646344 *5 (Minn. Ct. App. Mar. 22, 2005) (stating that "[m]any decisions of this court and the supreme court have recognized a substantial state interest in ensuring child support for the state's children")*; Rooney v. Rooney*, 669 N.W.2d 362, 370 (Minn. Ct. App. 2003) (recognizing that the state has a compelling interest in collecting child support payments), *rev. denied* (Minn. Nov. 25, 2003), *cert. denied*, 124 S. Ct. 2075 (2004). Finally, Milliman may raise his constitutional challenge to the driver's license suspension statute in the state district court proceeding and any subsequent appeal to the Minnesota appellate courts, with federal review then available in the United States Supreme Court by writ of certiorari under 28 U.S.C. § 1257.

The fact that Milliman bases his request for injunctive relief on a constitutional challenge does not change the result under the *Younger* abstention doctrine. *Younger* itself involved a First

Amendment challenge to an ongoing criminal prosecution, but the constitutional challenge was insufficient to require the federal court to ignore principles of federalism and interfere with the state's proceedings. *Younger*, 401 U.S. at 43-45, 91 S. Ct. at 750-51; *see also Middlesex*, 457 U.S. at 431, 102 S. Ct. at 2521 ("Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights."). Based on *Younger* abstention, federal courts have declined to exercise jurisdiction over constitutional claims, such as Milliman's, that seek to enjoin child support enforcement proceedings in state court. *See Anthony v. Council*, 316 F.3d 412 (3d Cir. 2003) (abstaining from adjudication of Section 1983 constitutional claims by persons held in civil contempt for failure to comply with child support orders); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533 (6th Cir. 2001) (abstaining from adjudication of child support obligor's Section 1983 constitutional challenge to state statute that provides for suspension of driver's or occupational license for non-payment of child support), *cert. denied*, 535 U.S. 988 (2002).

Accordingly, because Milliman's claim for declaratory and injunctive relief seeks to enjoin a pending state court proceeding and the criteria of the *Younger* doctrine are present, the Court should dismiss the claim based on abstention.

**B. Plaintiff's Claim For Declaratory And Injunctive Relief Is Barred By The Eleventh Amendment To The Extent The Claim Is Based On State Law.**

Milliman's claim for prospective injunctive relief against the State Defendants in their official capacities also appears to seek a declaration that a suspension of his commercial driver's license under Minn. Stat. § 518.551, subd. 13, violates the Minnesota Constitution. *See* Amended Complaint ¶ 31 and p. 9. The Eleventh Amendment, however, bars a federal court from deciding claims that state officials have violated or are not complying with state law, even if such claims are pendent to federal claims. *Pennhurst State Sch. & Hosp. v. Halderman*,

465 U.S. 89, 121, 104 S. Ct. 900, 919 (1984). "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.* at 106, 104 S. Ct. at 911; *see also Harmon v. Auger*, 768 F.2d 270, 275 (8th Cir. 1985) (applying *Pennhurst* to vacate magistrate's determination of whether certain Iowa prison rules violated the Iowa Administrative Procedure Act).[2] Thus, the Eleventh Amendment bars Milliman's claim against the State Defendants for declaratory and injunctive relief to the extent it is based on alleged violation of state law.

### C. The Statute Providing For Suspension Of Drivers' Licenses For Non-Payment Of Child Support, Minn. Stat. § 518.551, Subd. 13 (2004), Does Not Violate Plaintiff's Federal Equal Protection Or Due Process Rights.

The challenged suspension statute authorizes a state court to order the Commissioner of Public Safety to suspend the driver's license of a child support obligor, such as Milliman, for failure to comply with a child support payment agreement. Minn. Stat. § 518.551, subd. 13(h); *see also* Minn. Stat § 171.186, subd. 1 (2004). Milliman claims that the statute violates federal equal protection and substantive due process because it authorizes the suspension of a commercial driver's license, which he holds. *See* Amended Complaint ¶ 28. This constitutional challenge is without merit because the statute passes muster under the governing deferential rational basis test, as Judge Paul A. Magnuson concluded in *Petschen v. Governor of State of Minnesota,* Civil File No. 3-96-115, Memorandum & Order (D. Minn. April 26, 1996).[3]

---

[2] In *Petschen v. Governor of State of Minnesota,* Civil File No. 3-96-115, Memorandum & Order (D. Minn. April 26, 1996), discussed *infra* at pp. 7-10, Judge Paul A. Magnuson declined to address a claim that enforcement of Minn. Stat. § 518.551, subd. 13, violates separation of powers under the Minnesota Constitution, because *Pennhurst* barred consideration of the claim. *Petschen*, Memorandum & Order at 2-3.

[3] A copy of the *Petschen* Memorandum and Order is submitted with this memorandum as Exhibit A to the Affidavit of John S. Garry.

In *Petschen*, Judge Magnuson rejected a claim that the suspension of a commercial driver's license under Minn. Stat. 518.551, subd. 13, violates equal protection and due process. Moreover, every reported decision addressing a constitutional challenge to similar statutes has upheld the constitutionality of suspending drivers' licenses for failure to pay child support. *See Thompson v. Ellenbecker*, 935 F. Supp. 1037 (D. S.D. 1995); *Amunrud v. Board of Appeals*, 103 P.3d 257 (Wash. Ct. App. 2004); *Tolces v. Trask,* 90 Cal. Rptr.2d 294 (Cal. Ct. App. 1999); *Alaska v. Beans,* 965 P.2d 725 (Alaska 1998). There is no reported decision striking down a statute that provides for the suspension of drivers' licenses for non-payment of child support obligations.

Judge Magnuson correctly recognized that there is "no constitutional fundamental right to a Minnesota driver's license" and, therefore, a challenge to the driver's license suspension statute is subject to only rational basis review. *Petschen*, Mem. & Order at 9. It is well established that there is no constitutional fundamental right to a Minnesota driver's license. *See State v. Hanson,* 543 N.W.2d 84, 89 (Minn. 1996) (stating that a driver's license in Minnesota is a privilege). It is also settled law that a statute which does not employ a suspect classification or infringe a fundamental right must be sustained against an equal protection or substantive due process challenge if the statute satisfies the deferential rational basis test. *See, e.g., FCC v. Beach Communications, Inc*., 508 U.S. 307, 313, 113 S. Ct. 2096, 2101 (1993); *see also Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 470 n.12, 101 S. Ct. 715, 727 n.12 (1981) (reiterating that if a statute does not violate equal protection, it also does not violate substantive due process).

To succeed under the rational basis test, the party challenging the statute must "'negative every conceivable basis which might support it.'" *Id.* at 315, 113 S. Ct. at 2102 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts, Inc.*, 410 U.S. 356, 364, 93 S. Ct. 1001, 1006 (1973)).

Thus, a statute fails the rational basis test only if it is clearly shown to rest on grounds irrelevant to the achievement of a plausible governmental objective. *See Heller v. Doe*, 509 U.S. 312, 319-21, 324, 113 S. Ct. 2637, 2642-43, 2645 (1993). This deferential standard imposes a "heavy burden" on the challenging party. *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 21 F.3d 237, 240 (8th Cir. 1994).

Judge Magnuson correctly found that "[t]he State has a legitimate interest in promoting the welfare of children, and also in preserving the fiscal integrity of its welfare programs." *Petschen*, Mem. & Order at 6 (citation omitted). The State plainly has a legitimate interest in enforcing child support obligations. *See Putz v. Putz,* 645 N.W.2d 343, 352 (Minn. 2002) (noting strong state policy of assuring that children have adequate and timely economic support of their parents); *Murphy v. Murphy,* 574 N.W.2d 77, 82 (Minn. Ct. App. 1998) (holding that "the state has a compelling interest in assuring parents provide primary support for their children").

As Judge Magnuson concluded, "collection of child support as facilitated by the threat of loss of a driver's license is rationally related to and advances the legitimate governmental interest in promoting the welfare of children and in preserving the fiscal integrity of the State's welfare programs." *Petschen*, Mem. & Order at 9-10; *see also Thompson*, 935 F. Supp. at 1041 (S.D. 1995) (concluding that a driver's license suspension statute is rationally related to the legitimate state interest of collecting past due child support); *Amunrud*, 103 P.3d at 260 (recognizing that "[t]he threat of driver's license suspension is a particularly effective enforcement tool" against recalcitrant child support obligors); *Tolces,* 90 Cal. Rptr.2d at 298 (recognizing that "[o]ne means of achieving the state's legitimate purpose of enforcing child support orders is by only allowing the privilege of driving a motor vehicle to those who fulfill

their fundamental obligation to pay their child support"). Accordingly, Judge Magnuson properly held that Minn. Stat. § 518.551, subd. 13, satisfies the rational basis test and thus does not violate the equal protection or due process rights of a person with a commercial driver's license. *Petschen*, Mem. & Order at 13-14.[4]

In sum, if the Court addresses Milliman's constitutional challenge to Minn. Stat. § 518.551, subd. 13, it should uphold the statute under the controlling rational basis standard and accordingly dismiss Milliman's claim for declaratory and injunctive relief.

## II. PLAINTIFF'S DAMAGES CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE, THE ELEVENTH AMENDMENT AND JUDICIAL IMMUNITY.

In his amended complaint, Milliman seeks damages from the State Defendants for decisions made in state child support proceedings. As noted, he sues these Defendants in both their official and individual capacities. Milliman's damages claims against the State Defendants are barred by the *Rooker-Feldman* doctrine. If made against the State Defendants in their official capacities, his damages claims are further barred by the Eleventh Amendment. Milliman's damages claims against the Defendant child support magistrates and administrative law judges are also further barred by judicial immunity. Finally, to the extent Milliman makes damages claims based on state law, the Court should decline to exercise jurisdiction over those claims.

### A. The *Rooker-Feldman* Doctrine Bars Plaintiff's Damages Claims Against The State Defendants.

The *Rooker-Feldman* doctrine provides that, "with the exception of habeas corpus

---

[4] Judge Magnuson correctly rejected the contention that the statute is invalid because a commercial driver may be less able to make timely child support payments once his driver's license is suspended. *Petschen*, Mem. & Order at 10. Since Judge Magnuson's decision, the statute has been made less onerous in individual cases by an amendment in 2002 to allow persons whose licenses are suspended under the statute to apply for a limited license. *See* Minn. Stat. §§ 171.30, 171.186, subd. 4 (2004).

petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000) (citing *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303 (1983)), *cert. denied*, 531 U.S. 1183 (2001). Federal district courts may not review challenges to state court decisions, "even if those challenges allege that the state court's action was unconstitutional." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (quoting *Feldman*, 460 U.S. at 486, 103 S. Ct. at 1317). Review of such decisions can be had only in the United States Supreme Court under 28 U.S.C. § 1257. *See Feldman,* 460 U.S. at 476, 482, 103 S. Ct. at 1311, 1315.

This jurisdictional bar applies not only to "straightforward appeals but also [to] more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds*, 222 F.3d at 492. The *Rooker-Feldman* doctrine thus "precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir. 1995). This applies to actions under Section 1983 and to claims for injunctive relief, declaratory relief or damages. *See Keene Corp. v. Cass,* 908 F.2d 293, 297 (8th Cir. 1990); *Ace Constr. v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001). Moreover, there is no "procedural due process exception" to the *Rooker-Feldman* doctrine and the doctrine "applies to claims which were not brought before the state court but could have been raised in the state court action." *In re Goetzman*, 91 F.3d 1173, 1178 & n.6 (8th Cir. 1996), *cert. denied*, 519 U.S. 1042 (1996). Nor is there an exception to the doctrine for state court determinations alleged to be void for lack of jurisdiction. *See In re Ferren*, 203 F.3d 559, 559-60 (8th Cir. 2000); *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003).

Milliman's damages claims against the State Defendants fall squarely within the jurisdictional bar of the *Rooker-Feldman* doctrine. He seeks damages from the Defendant child support magistrates and administrative law judges for child support decisions they issued in state judicial proceedings. *See* Amended Complaint ¶¶ 2, 3, 9, 10, 13, 16, 23, 29. Milliman seeks damages from the Defendant former Commissioner of Public Safety for the suspension of Milliman's driver's license in 2000, which was required by a state court order and upheld by the state courts when challenged by Milliman. *See id.* at ¶¶ 17-21. Thus, granting relief on Milliman's damages claims necessarily would require a determination that the challenged state judicial decisions were wrong and thereby effectively reverse or void them.

Accordingly, the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction over Milliman's damages claims. If Milliman wished federal court review of the state judicial decisions challenged in his amended complaint, his recourse was to seek United States Supreme Court review by writ of certiorari under 28 U.S.C. § 1257 after proceeding through the Minnesota appellate courts. Because *Rooker-Feldman* bars all of Milliman's damages claims against the State Defendants, the Court need not reach the additional grounds on which these claims fail.[5]

[5] Because the *Rooker-Feldman* doctrine also applies to claims for declaratory relief, it likewise bars Milliman's claim for declaratory relief to the extent he requests a declaration that the challenged actions of the Defendant judicial officers and former Commissioner were unconstitutional. *See* Amended Complaint pp. 1, 9. Milliman does not appear to make a damages claim against the Defendant current Commissioner. To the extent Milliman asserts such a claim, it necessarily is based solely on his contention that a potential driver's license suspension would violate his rights because the suspension statute is unconstitutional. This claim would be barred by *Younger* abstention because "the damages sought would require a declaration that a state statute is unconstitutional." *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 603 (8th Cir. 1999).

### B. Plaintiff's Damages Claims Against The State Defendants In Their Official Capacities Are Also Barred By The Eleventh Amendment And Fail To State A Claim Under Section 1983.

To the extent that Milliman asserts his damages claims against the State Defendants in their official capacities, the Court lacks subject matter over those claims due to the Eleventh Amendment. In addition, such claims are not cognizable under Section 1983.

The Eleventh Amendment bars a damages claim against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169-70, 105 S. Ct. 3099, 3107 (1985); *Morstad v. Department of Corrs. & Rehab.*, 147 F.3d 741, 743 (8th Cir. 1998). In addition, a state official in his or her official capacity is not a "person" subject to suit for damages under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989); *Murphy*, 127 F.3d at 754.

### C. Plaintiff's Damages Claims Against The Child Support Magistrates And Administrative Law Judges In Their Individual Capacities Are Further Barred By Judicial Immunity.

It is well established that judges are absolutely immune from damages claims based on their judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978). In *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872), the Supreme Court stated that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction." Because it is absolute, judicial immunity also "applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218 (1967); *see also Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991) (per curiam) (reiterating that "judicial immunity is not overcome by allegations of bad faith or malice"). The bar of absolute immunity also cannot be overcome by allegations of conspiracy. *See Moses v. Parwatikar*, 813 F.2d 891, 892-93 (8th Cir. 1987), *cert.*

*denied*, 484 U.S. 832 (1987). Judicial immunity applies fully to claims brought under Section 1983. *Pierson*, 386 U.S. at 554-55, 87 S. Ct. at 1218.

Child support magistrates and administrative law judges in child support proceedings act as state judicial officers. *See* Minn. Stat. § 484.702, subds. 2-3 (2004). As such, they are fully protected by judicial immunity. *See Butz v. Economou,* 438 U.S. 478, 511-14, 98 S. Ct. 2894, 2913-15 (1978) (holding that administrative law judges have absolute judicial immunity for adjudicatory acts); *see also LaNave v. Minnesota Supreme Court,* 915 F.2d 386, 386-87 (8th Cir. 1990) (holding that members of the Minnesota Board of Law Examiners have absolute quasi-judicial immunity because they act on behalf of the Minnesota Supreme Court in making bar admission determinations), *cert. denied*, 500 U.S. 923 (1991).

Thus, Milliman's damages claims against the Defendant child support magistrates and administrative law judges are barred by judicial immunity because he seek damages for their adjudicative decisions in state child support proceedings. This is a further reason, in addition to the *Rooker-Feldman* jurisdictional bar, that Milliman's damages claims fail against these Defendants in their individual capacities.[6]

**D. The Court Should Decline To Exercise Jurisdiction Over Any State Law Damages Claims That Plaintiff Asserts Against The State Defendants.**

To the extent Milliman makes damages claims against the State Defendants in their individual capacities for purported violations of state law, the Court should decline to exercise

[6] Milliman's damages claim against Defendant Myklebye-Williams is also barred by the statute of limitations, as he seeks damages for a decision she made as an administrative law judge in July 1996. *See* Amended Complaint ¶¶ 2, 29. Milliman's Section 1983 damages claim is governed by the six-year limitations period of Minn. Stat. § 541.05, subd. 1(5) (2004). *See Egerdahl v. Hibbing Community College*, 72 F.3d 616, 618 & n.3 (8th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938 (1985) and *Berg v. Groschen*, 437 N.W.2d 75, 77 (Minn. Ct. App. 1989)).

jurisdiction and dismiss any such claims without prejudice based on the dismissal of Milliman's federal claims. Under 28 U.S.C. § 1367(c)(3), a federal district court may decline to exercise supplemental jurisdiction over a pendent state claim if the court has dismissed all the claims over which it has original jurisdiction. *See Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998). It is well established that when a pendent state claim is joined with federal claims that are dismissed, the state claim is ordinarily dismissed without prejudice to avoid needless decisions of state law as a matter of comity. *See Gregoire v. Class*, 236 F.3d 413, 419-20 (8th Cir. 2000); *see also Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) (stating that "[t]he judicial resources of the federal courts are sparse" and stressing "the need to exercise judicial restraint and avoid state law issues wherever possible"). Here, Milliman has asserted no independent jurisdictional basis for pendent state law damages claims. Accordingly, the Court should decline to exercise jurisdiction over any such claims asserted in Milliman's amended complaint upon dismissal of his Section 1983 claims.

## CONCLUSION

The Court should grant the State Defendants' motion to dismiss the amended complaint.

Dated: March 28, 2005

Respectfully submitted,

**s/ John S. Garry**
John S. Garry
Bar Number 208899
Erika Schneller Sullivan
Bar Number 0288056
Mike Hatch
Attorney General
State of Minnesota
Attorneys for State Defendants

445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2128
Telephone: (651) 282-5719
Fax: (651) 282-5832

AG: #1389524-v1