FILED
05 MAR 31 AM 11: 8
U.S. DIST COURT
DULUTH, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil File No. 01-1563RHK/RLE

Lance Gerald Milliman,

Plaintiff,

v.

SUPPLEMENTAL AFFIDAVIT OF
LANCE GERALD MILLIMAN

Betty Jean Lindemoen, et al.,

Defendants.

---

Lancve Gerald Milliman, being first duly sworn upon oath states and alleges as follows:

1. That he is the plaintiff in this matter and as such I am familiar with all the facts and situations involved herein.

2. That the plaintiff is employed as an over the road truck driver operating tractor/trailer equipment.

3. That the plaintiff's Class A Commercial Driver's License is necessary to do that job.

4. That a Class D Driver's Licnse does the plaintiff no good as you cannot operate a tractor/ trailer on a Class D License and the Plaintiff has no other sources of employment other than those that require the use of a valid Class A Commercial Driver's License.

5. The County of Anoka has imputed wages to this plaintiff based upon his over the road occupation for years.

6. Minnesota Statute 518.551 Subds. 12 and 13 violates the plaintiff's due process and equal protection rights based upon the fact that a Class D Driver's License holder can obtain a limited license for 90 days. However, such a limited license is not available to holders of a Class A Commercial Driver's License. Subdivision 13 purposely discriminates against holders of a Class A Commercial Driver's License and treats them differently and harsher than a holder of a Class D Driver's License.

7. In addition, Minnesota Statute 518.551 Subdivisions 12 and 13 violates the plaintiff's due process and equal protection rights based upon the fact that pursuant to Subdivision 12and 13. The County of Anoka for example, could take a plumber's license and could take his Class D Driver's License. However, as long as he can get a ride to work he can still work as a plumber with the only drawback suffered being that he cannot sign the certification documents a licensed plumber can. So, he pays somebody to do that. The same thing happens when the County takes a carpenter's license and his Class D Driver's License. However, as long as he can get a ride to work he can still work as a carpenter, he simply cannot sign the certification documents that a licensed carpenter can. However, you take the Class A Commercial Driver's License away and it does not matter if he can get a ride to work, he still cannot perform his job which is to operate a tractor/trailer. What legitimate important state interest can this purposeful discrimination serve to advance when you treat holders of Class A Commercial Driver's License more harshly than any other Minnesota Licensed driver. Even Judge Magnuson questioned the wisdom of the State's action in his order.

8. Further, your affiant saith not except he makes it in support of his temporary restraining order and his preliminary injunction.

Lance Milliman

SCANNED
MAR 3 2005
U.S. DISTRICT COURT DULUTH

Witness: *[signature]*
Patricia Briggs