RECEIVED
05 MAR 31 AM 11:17

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil File No. 01-1563 RHK/RLE

Lance Gerald Milliman,

Plaintiff,

v.

Betty Jean Lindemoen, et al.,

Defendants.

PLAINTIFF'S RESPONSE TO THE STATE OF MINNESOTA AND THE ANOKA COUNTY DEFENDANTS MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

---

REGARDING THE COUNTY OF ANOKA DEFENDANTS:

As is normally the case, defense counsel Haluska seems to either not have the true facts or he tries to distort them. Had defense counsel Haluska graced us all with his presence at the hearing before the Honorable James M. Rosenbaum back on December 22, 2000, he would have the true facts. Judge Rosenbaum had concerns about Younger v. Harris, and that is why he ordered the plaintiff to take his complaint to the state courts first and if I could not get relief from the state courts, I could bring the matter back before this court and he dismissed the action against the State of Minnesota defendants and the Anoka County defendants, even though they made no appearance, without prejudice. The State of Minnesota defendants were represented by Mark B. Levinger, an Assistant Minnesota Attorney General, at that hearing.

The reason defense counsel Haluska did not appear is because he was back sitting in his office crying that he was never properly served, a claim that has never been substantiated to this day. The courts of the State of Minnesota have had their chance to rule on the plaintiffs constitutional claims and they have failed to adequately address them under the law. Younger v. Harris, is no longer applicable to this case as a impediment to federal action.

The plaintiff has never had much respect for the legal abilities and opinions of defense counsel Haluska but here he has lost touch with reality. Out of one side of his mouth he argues that the Court lacks subject matter jurisdiction over this case and out of the other he introduces two cases, the Petschen case and the Huls case, one of which he states is"an identical constitutional challenge to Minn. Stat. 518.551, subd. 13." If what defense counsel Haluska is saying is correct, then we do not have to deal with his argument on whether or not the Court has jurisdiction to hear these matters either on the motion for a temporary restraining order or on motion to dismiss because both judges the Honorable Paul A. Magnuson in the Petschen case and the Honorable Ann D. Montgomery in the Huls case decided that the Court had subject matter jurisdiction to decide these cases or they would not have issued the orders they did in those cases.

The same is true in this case. The Honorable James M. Rosenbaum, decided that the plaintiff after exhausting his state remedies was entitled to return to the federal courts and Judge Rosenbaum certainly would not have issued his order if he did not have jurisdiction to do so. It appears it is not the plaintiff who is questioning the judicial opinions and the soundness of judgment, on the issue of subject matter jurisdiction,of these three (3) district court judges, it is Anoka County's defense counsel Haluska who thinks he is wiser than these three (3) district court judges with years and years of judicial experience.

Mr. Haluska is again speaking from where the sun does not shine when he addresses the Rooker-Feldman doctrine. If Mr. Haluska's position is correct and this was a final judgment of the type contemplated in this doctrine, then we would not be here and we would not have at least two (2) administrative law judges and four (4) child support magistrates to date changing the decision of the Minnesota district courts. In a dissolution action, the only final judgment, especially when there are children

SCANNED
MAR 31 2005
U.S. DISTRICT COURT DULUTH

involved, is the divorce decree itself and after that every other order concerning that case is temporary in nature. The plaintiff would have to be in "leave of his senses" to want to challenge the final decree in this matter. Further, the order we are talking about here is not a final judgment of the Minnesota State Supreme Court, this was a decision made by the Minnesota Court of Appeals and not final within the meaning of the Rooker-Feldman doctrine. Review by the Minnesota Supreme Court is discretionary and its denial of a petition for review does not necessarily mean that the petition does not have merit but that the court can decline to hear the matter. In other words, Review by the Minnesota Supreme Court is not mandated by law or statute except under certain circumstances none of which are present here.

There is another issue that must be addressed here. It has long been the practice of defense counsel Haluska to make threats on behalf of Anoka County and the plaintiff takes these threats very seriously. For instance we have defense counsel Haluska telegraphing Anoka County's threat via his moving papers right under the nose of this Court. His elaboration of the civil contempt judgment standards to enforce a child support order are simply that, a threat of what Anoka County will do if this plaintiff continues to pursue his claims and it is done to intimidate the plaintiff as has long been the practice and mentality of the Anoka County Attorneys Office. The Court should not allow these proceedings to be used by defense counsel Haluska as a telegraph for his and Anoka County's threats against the plaintiff and this is simply one more reason that a temporary restraining order should be issued to include restraining the defendants from harassing the plaintiff in any way such as that contemplated here by defense counsel Haluska. This is not a contempt action and therefore defense counsel Haluska's argument is misplaced and is irrelevant and his conclusion makes no sense at all. Most of the cases defense counsel Haluska raises either do not apply to the present proceedings or are distinguishable from the present case.

Defense counsel Haluska also pays lip service to the fact that Minnesota Statute 518.551 subds. 12 and 13 provide all the necessary safeguards to ensure the plaintiff's due process rights. It does no good to have these safeguards if they are not followed by the Anoka County Attorneys Office and the child support magistrates, that Anoka County or the Tenth Judicial District which is based in Anoka, hires and then places under the supervision of the chief judge of the judicial district. As is quite well plead in the plaintiff's complaint herein, these defendants were able to manipulate the system causing damage to the plaintiff and damage to the plaintiff's constitutional rights to due process and equal protection. These defendants perhaps provided due process right up to and including a hearing the first time they suspended plaintiff's Commercial Driver's License.

However, after the hearing is when due process ceased to exist. These defendants withheld service of the alleged September 18, 2000 order issued by Child Support Magistrate Beverly Anderson if said order was ever issued. This plaintiff has never been served a copy of that alleged September 18, 2000 order or seen any proof of service upon me to this day. The ninety (90) days as argued by defense counsel Haluska expired and the suspension automatically took effect and thereby effectively cutting-off plaintiff's right to appeal. How can there be any meaningful review on appeal if the trial court or in this case a child support magistrate either never issues said order or those responsible to see that it is properly served upon the plaintiff never get the order served upon him? In fact, you cannot even file an appeal without a copy of the order or judgment you are appealing pursuant to the Minnesota Rules of Civil Appellate Procedure.

The plaintiff believes that all these defendants did was to electronically file the suspension with the State of Minnesota Department of Public Safety and failed to serve a copy of the alleged September 18, 2000 order upon this plaintiff which is required by law. There was no due process here, the Anoka County defendants and the child support magistrate defendants were allowed to manipulate the system and acheive the results they desired. It did not matter that the plaintiff had a right to a written order, that he had a right to appeal that order and most of all it did not matter to them whether or not the plaintiff had constitutional rights.

This suspension lasted for over two years and even by the Anoka County's own "imputed wage formula" these defendants cost the plaintiff more than twice the amount of the alleged child support debt in lost wages. What legitimate government interest might this advance? The United States Constitution was written to protect me from Anoka County and the State of Minnesota and when government officials try to crush their opposition just because they can, it indeed becomes very disturbing especially when they knowingly manipulate the system to do illegally, what they cannot do legally.

This is why the plaintiff is not waiting for the same devastating results to occur in the second suspension before I move for a temporary restraining order. As the plaintiff states in his complaint, the best indicator of future behavior of these defendants is best measured by what they have done in the past in similar situations and we have such a past situation where the State of Minnesota and the Anoka County defendants have handled the situation improperly and unconstitutionally and their actions caused damage to the plaintiff.

It should be noted that this Court has pendent claim jurisdiction over the second suspension and other state claims if it chooses to exercise said jurisdiction. E.g., United Mine Workers v. Gibbs, 383 US 715 (1966); Rosado v. Wyman, 397 US 397, 405, (1970), affd, 402 US 991 (1971). See also, Judicial Improvements Act of 1990 Pub L No. 101-650, 104 Stat 5089 which is now codified at 28 U.S.C. 1367.

Further, it should be noted that the plaintiff did not receive the County of Anoka defendants moving papers until March 25, 2005 and according to Local Rule 7.1(a) (2) the responding party must serve and file their memorandum, affidavits and exhibits on the plaintiff at least 7 days prior to the hearing and this did not occur in this proceeding. The plaintiff is requesting that pursuant to Local Rule 7.1 (d) that counselor Haluska not be allowed to make oral argument.

The plaintiff did not want to comment on counselor Haluska's assessment of the elements necessary to obtain a temporary restraining order. However, there is misstatement of material facts present in his argument or it is just plainly a shallow assessment on this matter and if counselor Haluska wants to testify as to what he personally believes the facts to be, then he should disqualify himself as defense counsel and come to court as a witness for the County or the State of Minnesota. Otherwise, he should keep his personal beliefs where he keeps his head.

In regard to counselor Haluska's Irreparable Harm argument:

The plaintiff does indeed argue that the loss of his Commercial Driver's License will result in the loss of his job. Perhaps the plaintiff was not clear in his affidavit that is presently on file with this Court and because of new issues raised by defense counsel Haluska, it will be necessary for the plaintiff to file a supplemental affidavit to clarify those issues. However, the plaintiff will state for the record that he is employed as an over the road truck driver for the twenty hours a week currently available and his Commercial Driver's License is necessary to perform this job. There is nothing in the caselaw that states that the plaintiff needs to address more than just the financial loss suffered by him. The loss is not speculative and even though it can be addressed in a money judgment upon succeeding on the merits, there is the financial harm between the time the plaintiff files his complaint and the time the Court decides the plaintiff's case and serious injury will result to the plaintiff during that time and nothing the Court could do later in its final order would compensate the plaintiff for the harm plaintiff suffered and if the County of Anoka can keep the plaintiff a pauper during this time, it makes it that much harder to continue the plaintiff's lawsuit. The plaintiff has made a sufficient showing of immediate irreparable harm.

In regard to counselor Haluska's Balance of the Harms argument:

Plaintiff never indicated that he owed an obligation of child support for over 20 years. Plaintiff did state that he has been battling Anoka County for 20 years over constitutional and civil rights issues and Anoka County's lack of recognition of peoples constitutional and civil rights. This particular battle has been in progress since 1996 and with the retroactive child support back to 1988. Plaintiff has in his complaint set forth a claim that the Anoka County Attorneys Office has attempted to represent Ms. Lindemoen in proceedings in the past and Counselor Haluska is making that apparent with the comments he makes here. Mr. Haluska is not Ms. Lindemoen's attorney and he should be admonished for his attempted representation of Ms. Lindemoen in this proceeding. The plaintiff wishes to make it clear that any financial loss by Ms. Lindemoen was based upon her own irresponsibility and not on the irresponsibility of the plaintiff. If what defense counsel Haluska suggests is true that "this is a long standing debt that is owed" then both parents are responsible and both should be under obligation to pay.

In regard Counselor Haluska's Probability of Success on the Merits argument:

Defense counsel Haluska argues that it is very doubtful that the plaintiff will succeed on the merits of this matter. Counselor Haluska states that "the identical issue was before the United States District Court for the District of Minnesota in Darryl R, Petschen v. Governor of the State of Minnesota, Court File No. 3-96-115. The Court's memorandum and order were issued on April 26, 1996." The Court in that case did rule on the constitutionality of Minnesota Statute 518.551, Subd. 13 in that proceeding. While this present case is similar to the Petschen case, in many respects, it also is distinguishable from the Petschen case, in many respects.

The plaintiff does believe however, that Mr. Petschen did in fact try to raise the same issues as this plaintiff intends to address but obviously Mr. Petschen was not articulate enough to get the court to understand his intended argument. The appellant's pro se complaint must prevail or fail upon its own merits and not upon the merits of the complaint of some other pour soul who proceeded pro se and was brutalized by the system. There is virtually no precedential value in the County of Anoka defendants submitting this case as an issue. With all due respect to Judge Magnuson, this appellant believes that given the facts and circumstances involved in this present case the judge's ruling might have been different. For instance, In the Petschen case, Mr. Petschen's preemption argument was made pursuant to the Federal Commercial Motor Vehicle Safety Act of 1986 and the plaintiff's preemption argument is based upon 49 U.S.C. 31136, 31301 et seq., and 49 CFR 1.48 and part 383 which was passed January 1, 1993. There are other factual differences as well.

In regard to counselor Haluska's Public Interest argument:

The plaintiff agrees that child support enforcement is a national issue in which the federal government has had a hand in for quite some time. However, with all the documentary evidence defense counsel Haluska can show to support this premise, the federal government expects that state governments respect the constitutional rights of the citizens of the United States of America in its efforts at collection of child support.

REGARDING THE STATE OF MINNESOTA DEFENDANTS:

Defense counsel Garry, does not have a much better handle on the true facts of this case than defense counsel Haluska but at least he partially figured out that the Honorable James M. Rosenbaum was involved in this proceeding. What defense counsel Garry fails to see in the first place, is that in his recital of the alleged facts he states "A similar motion by Milliman for preliminary injunctive relief was summarily denied by Judge James M. Rosenbaum [in a virtually identical lawsuit] that Milliman brought in 2002...." I have news for defense counsel Garry, this is not a virtually identical lawsuit. This is a continuance of that original action. The plaintiff after exhausting his state remedies has returned to the federal courts after giving the courts of the State of Minnesota their opportunity to rule on the constitutionality of this plaintiff's claims and the courts of the State of Minnesota failed to address the plaintiff's claims. The only potential problem that remains after exhausting state remedies is the issue of res judicata. However, as Judge Davis learned from the remand from the Eighth Circuit, res judicata does not apply to this matter.

What defense counsel Garry fails to see in the second place, is that the 42 U.S.C 1983 action the plaintiff is pursuing was originally filed in the United States District Court under Civil File No. 00-2574 and not in any court of the State of Minnesota. Defense counsel Garry seems to be missing a whole lot of facts in this matter. As stated above in the response to the county defendants, Judge Rosenbaum ordered that the plaintiff bring his complaint to the state courts first and if I could not obtain relief there I could come back to the federal courts and that is what I am doing. I believe that this effectively ends any challenge by the State of Minnesota and the County of Anoka pursuant to Younger v. Harris.

Even if Younger applied, it would be the plaintiff's position that this case meets the "extraordinary circumstances" exception requirements to Younger. It has been plaintiff's position from the beginning that these prosecutions by the defendants have been undertaken in bad faith or to harass the plaintiff, that this matter is a situation which involves a flagrantly or patently unconstitutional statute and finally this is a case where the state tribunal was biased and therefore incompetent. See Lewellen v. Raff, 843 F2d 1103 (8th Circuit 1988) (court upheld the district court's issuance of a preliminary injunction against a criminal prosecution brought by the State of Arkansas against the plaintiff black attorney;Younger was not

applicable because plaintiff demonstrated that the prosecution was brought in bad faith for the purpose of retaliating against him for the exercise of his First Amendment rights; in addition, plaintiff "painted a picture of pervasive racism and discriminatory treatment of blacks in the [county] court system", further, plaintiff showed great and immediate irreparable injury); Walker v. Wegner, 624 F2d 60 (8th Cir. 1980) (Eighth Circuit rejected the applicability of the Younger Rule to a pending state administrative proceeding on several grounds, one of which was the inability of the administrative proceeding to resolve the federal plaintiff's constitutional claims).

Defense counsel Garry, as mentioned above, forgot to grab the oars and misstates the facts and I would like to point this misstatement out. Counsel states "The notice stated that Anoka County would direct the Department of Public Safety to suspend Milliman's driver's license unless, within thirty days, Milliman came into compliance or requested a court hearing to contest the suspension." This Court expects this plaintiff to come into court and play by the rules as it is assumed that I too am an officer of this Court and then you have defense attorneys like counselor Garry who purposely makes misstatements of the facts to the Court when it is obvious by the written notice the "came into compliance" statement does not exist in the original notice and this creates quite a different meaning.

This is an attempt to challenge state law and not an attempt to obtain review of a state court judgment and further, it should be noted that the plaintiff did not receive the State of Minnesota defendants moving papers until March 26, 2005 and according to Local Rule 7.1(a) (2) the responding party must serve and file their memorandum, affidavits and exhibits on the plaintiff at least 7 days prior to the hearing and this did not occur in this proceeding. The plaintiff is requesting pursuant to Local Rule 7.1(d) that counselor Garry not be allowed to make oral argument.

As with defense counsel haluska , the plaintiff did not want to comment on counselor Garry's assessment of the elements necessary to obtain a temporary restraining order. However, there are misstatements of material facts present in his argument or it is just plainly a shallow assessment on this matter and if counselor Garry wants to testify as to what he personally believes the facts to be, then he should disqualify himself as defense counsel and come to court as a witness for the State of Minnesota or the County of Anoka. Otherwise, he should keep his personal beliefs where he keeps his head.

In regard to Counselor Garry's Irreparable Harm argument:

The plaintiff makes a factual assertion that he will have no means of support if his Commercial Driver's License is suspended. As noted above, the plaintiff is employed approximately 20 hours per week as an over the road truck driver operating a tractor/trailer which requires a Class A Commercial Driver's License. This is the same occupation that Anoka County has had in its records since the beginning of any alleged child support obligation and this occupation is what Anoka County used in its formula to impute wages to this plaintiff. The plaintiff has done no other type of work in the last ten (10) years and I would like to thank defense counsel Garry for raising an issue that needs to be addressed here.

Defense counsel Garry wants an explanation as to why the alleged harm from the suspension could not be ameliorated by the plaintiff applying for and obtaining a limited license. An excellent question for counsel to ask. The limited license is not available for a holder of a Class A Commercial Driver's License, it is only available to holders of the Class D Licenses which allow only operation of a standard automobile. A Class D limited license would be of no use to the plaintiff as a Class A Commercial Driver's License is necessary to operate a tractor/trailer unit and the plaintiff fails to see what legitimate governmental interest there is in treating the plaintiff differently than any other licensed driver in the State of Minnesota because he holds a Class A Commercial driver's License and not a Class D License. Further, it is the plaintiff's belief that the County of Anoka must take action on the requested hearing within the ninety (90) day time frame or lose its jurisdiction to make a decision and the ninety (90) day time frame runs out before the hearing on the motions to dismiss scheduled for May 26, 2005. The plaintiff has made a sufficient showing of immediate and irreparable harm.

In regard to counselor Garry's Probability of Success argument:

As noted earlier, the Petschen case has no real precedential value. This was a case where a unrepresented

pro se party with no skill in the law tried to take on the State of Minnesota. The representation was a one-sided in favor of the state and with all due respect for Judge Magnuson, if this is the best the state can do on its explanation of why the plaintiff will not succeed on the merits, then the plaintiff believes that the probability of success has just gone up. As stated above, the present case is similar to the Petschen case but it also is distinguishable from Petschen, in many respects.

In regard to counselor Garry's Public Interest and Balance of Harms argument:

Counselor Garry makes the plaintiff's point fairly well in the cases he cites here. The significant thing here is that these cases recognize that it is the responsibility of both parents to provide their children with economic support. The harm to the plaintiff's individual constitutional rights in suspending his commercial Driver's License outweighs the harm to the public interest in this particular case.

Therefore, the Court should grant the plaintiff's request for a temporary restraining order and Temporary injunction.

Dated March 28, 2005

Lance Milliman
Plaintiff pro se
60009 373rd Street
Eden Valley, Minnesota 55329
(320) 420-3540