RECEIVED
BY MAIL
APR 1 9 2005
CLERK US DIST COURT
MINNEAPOLIS MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

File No. 01-1563 RHK/RLE

Lance Gerald Milliman,

Plaintiff,

v.

Betty Jean Lindemoen, et al.,

Defendants.

PLAINTIFF LANCE GERALD MILLIMAN'S MEMORANDUM IN OPPOSITION TO THE THE STATE OF MINNESOTA AND THE COUNTY OF ANOKA DEFENDANTS MOTION TO DISMISS PURSUANT TO RULE 12(B)(1), 12(B)(6) AND 12(H)(3) OF OF THE FEDERAL RULES OF CIVIL PROCEDURE

---

In regard to the State of Minnesota and the County of Anoka defendants jurisdictional argument pursuant to Rooker-Feldman Doctrine:

Rooker-Feldman never applied to this case from the beginning. The problem here is that the state courts have never issued any judgment on the plaintiff's constitutional claims, final or otherwise. There were parallel, concurrent federal and state claims both challenging the child support magistrate's jurisdiction to issue the judgment itself and another challenging the constitutionality of Minnesota Statute 518.551, Subds. 12 and 13. The state courts "side-stepped" the constitutional issues by failing and refusing to grant in forma pauperis to an indigent plaintiff. See e.g., Williams v. St. Louis County, 812 F2d 1079, 1083 (8th Cir. 1987)."[w]here an indigent plaintiff presents a non-frivolous state-law claim, the denial of in forma pauperis status or similar relief for no apparent reason renders an otherwise-adequate post-deprivation remedy inadequate under Paratt."

The challenge to the child support magistrate's jurisdiction to issue the judgment itself and the constitutional challenge to Minnesota Statute 518.551, Subds. 12 and 13, it was defeated in the state courts, by these defendants withholding service of the child support magistrate's alleged September 18, 2000 order and effectively cutting-off the appellant's appeal rights and any further review of the plaintiff's jurisdictional and constitutional challenge and the license suspension took effect allegedly ninety (90) days after the alleged September 18, 2000 order was issued and remained in effect until after February 2003, a period of almost two and one-half years while the plaintiff struggled financially just to maintain this suit in the courts with little or no income.

However, the plaintiff has reviewed the latest case where the Rooker-Feldman doctrine was addressed by the United States Supreme Court and while the plaintiff does not have the wisdom of the court, it is his opinion that Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517 (2005) Simply reiterates the mis-application of the doctrine by many, including these defendants here. The Exxon, case points out that when there are, as here, parallel state and federal litigation, Rooker-Feldman is not automatically triggered simply by entry of a state court judgment in a state court while the federal action is pending and likewise, pendency of action in state court is no bar to proceedings concerning same matter in federal court having jurisdiction. It should be noted that this matter began in federal court and is not an appellate action, it is a matter where this Court has original jurisdiction.

Exxon, also points out what the plaintiff has argued all along, that Rooker-Feldman does not apply here and the only claim these defendants had was res judicata and even that claim has been foreclosed by the sua sponte action of Judge Davis who used res judicata as his reasoning for dismissing the plaintiff's action when he returned to the federal courts based upon Sondel v. Northwest Airlines, Inc., 56 F.3d 934, 938 (8th Cir. 1995). The plaintiff argued in his appellate brief why res judicata and collateral estoppel did not apply. This argument took into consideration the state and federal caselaw on the subject. (see appellant's brief pages 2 and 3 in Milliman v. Lindemoen No. 01-3218 (8th Cir. 2002). If the plaintiff is correct, this issue is

SCANNED
APR 1 9 2005
U.S. DISTRICT COURT MPLS

now res judicata and these defendants are not allowed to tread here.

In regard to the State of Minnesota and the County of Anoka defendants jurisdictional argument pursuant to Younger:

As argued at the prior hearing on the plaintiff's temporary restraining order, the Younger Abstention Doctrine does not apply to the case at bar. This is a case where the plaintiff started his case in the federal courts and was ordered by a United States District Court Judge to bring the claim before the state courts and if the plaintiff could not obtain relief he could come back to the federal courts. The plaintiff did exhaust all of his state remedies and when he brought the matter back to the federal district court a United States District Court Judge dismissed it on Res Judicata grounds. Said dismissal was followed by an appeal to the Eighth Circuit and the Eighth Circuit remanded the case back to district court for further proceedings and here we are. The plaintiff raised his constitutional claims in the state court proceedings and the state courts failed and refused to address those constitutional claims and "side-stepped" them by refusing to grant in forma pauperis to an indigent plaintiff. The plaintiff is not required to make more than one attempt to bring the matter before the state courts before seeking federal relief.

Exxon, also, mentions the fact that comity or abstention doctrines may, in various circumstances, permit or require federal court to stay or dismiss federal action in favor of state court litigation which is what Judge Rosenbaum did when this matter originally came before the federal courts. Judge Rosenbaum citing concerns about Younger v. Harris, ordered the plaintiff to proceed in state court first and if unsuccessful the plaintiff could return to the federal courts. However, when the issues return to this Court unresolved in the state court action, the plaintiff believes that the federal courts no longer have a choice but to accept jurisdiction and reject any Younger, argument raised by the defendants because the state courts did nothing to resolve the issues in the first place and this is a very good showing of what the plaintifff could expect in future litigation brought on these issues in state court.

In regard to the State of Minnesota defendants argument on Judicial Immunity:

The argument that the state makes and the cases cited are easily distinguishable from the present matter. The cases that the state defendants argue are all case where the judge was found to be acting with at least some jurisdiction and authority in the matters in which these judges ruled or the State of Minnesota defendants interpret the cases incorrectly. In this case, it is the plaintiff's claim that the Administrative Law Judges and the Child Support Magistrates acted totally with any jurisdiction or authority over the subject matter or the parties, an allegation , if true, would strip them of their absolute judicial immunity. Bradley v Fisher, 80 U.S. 335 (1871); Lucarell v. McNair, 453 F. 2d 836 (6th Cir. 1972);Wade v. Bethsada Hospital, 337 F. Supp. 671 (S.D. Ohio 1971); Fanale v. Sheehy, 385 F. 2d 866 (2d Cir.1967) and Forrester v. White, 484 U.S. 219 (1988).

In regard to the State of Minnesota defendants argument on the issue of defendant Myklebye-Williams and plaintiff's damages claim against her being governed by a "six-year limitations period pursuant to Minnesota Statute 541.05, Subd. 1(5) (2004)." Even if the plaintiff believed that Minnesota Statute 541.05, Subd.1(5) (2004) could be used to defeat plaintiff's 42 U.S.C. 1983 complaint on statute of limitations grounds, the facts are clear that this case was originally filed in United States District Court for the District of Minnesota on November 16, 2000. It is clear that this matter has been sub judice in federal court since that time and the staute of limitations has not yet run. Even, if the plaintiff bought into the argument of the "six-year limitations period", simple math tells you that this year is 2005 and this matter was originally brought November 16, 2000, clearly only five (5) years has past thereby defeating the State of Minnesota defendant Myklebye-Williams argument that a "six-year limitation period" has passed. There is another question that the plaintiff has and will be requested and addressed in discovery and that is: Are these child support magistrates actually state employees paid by the state treasury or are these child support magistrates actually county employees paid by the county treasury?

Exxon, touches on this issue as well, which does not surprise the plaintiff. Call it what you may, when the plaintiff filed his complaint in federal court, it insured as a protective matter, that the State of Minnesota defendants, like Myklebye-Williams, could not defeat federal jurisdiction by claiming state statute of

limitations had expired that might not preclude relief in the federal venue. Judge Rosenbaum, in the beginning, had the option to either stay the federal district court proceedings in abeyance while the plaintiff exhausted his state remedies or dismiss it without prejudice which would allow the plaintiff to return to federal court if he could not obtain relief from the state courts. Judge Rosenbaum chose the latter. However, the plaintiff does not believe that in doing so, Judge Rosenbaum would have intended that the plaintiff be penalized by his failure to do the prior and order the matter stayed, which in fact he could have done, if he wanted to. In any event, the Court is not deprived of jurisdiction here because of a state imposed staute of limitations period. Similarly, municipalities may not assert statutory immunity as a defense to a cause of action brought under, the Minnesota Human Rights Act which is codified as Minnesota Statute 363.01. See, also, Davis v. Hennepin County, 559 N.W. 2d 117, 122 (Minn.App.1997); Correll v. Distinctive Dental Services, P.A., 636 N.W. 2d 578, 584 (Minn.App.2001). This is in effect what these defendants attempt to do here, assert a state imposed statutory [limitations period] immunity to defeat the plaintiff's 42 U.S. C. 1983 claim when the State of Minnesota's own statutes and caselaw do not allow it.

In regard to the Anoka County defendants argument that they are entitled to Qualified Immunity:

These defendants make a fatal tactical error in bringing forth this claim, at this stage of the proceedings. The only thing the Court has in front of it is the plaintiff's complaint and every factual matter and every allegation contained in the plaintiff's complaint must be construed by the Court to be absolutely true. The government on the other hand, is not allowed a free ride and the government has the burden to show that it engaged in protected conduct and is entitled to immunity and at this stage of the proceedings, the defendants have failed to meet this burden. Gomez v. Toledo, 446 US 635 (1980). See, also, City of St. Louis v. Praprotnik, 485 U.S 112, 108 S.Ct. 915 (1988); Fear v. Independent School Dist. 911, 634 N.W. 2d 204, 210 (Minn.App. 2001) and Steinke v. City of Andover, 525 N.W. 2d 173, 175 (Minn.1994). It is the plaintiff's position that by bringing the qualified immunity defense forward at this juncture, precludes a summary judgment motion being brought on the same grounds later, because the issue is now res judicata, and insures that this matter will go to trial on the affirmative defense of qualified immunity.

For these reasons, the State of Minnesota and the County of Anoka defendants motion to dismiss pursuant to Rule 12(b)(1), 12(b)(6) and 12(h)(3) of the Federal Rules of Civil Procedure fails and should be denied in all respects.

Dated April 15, 2005

Lance Milliman
Plaintiff pro se
60009 373rd Street
Eden Valley, Minnesota 55329
(320) 420-3540

Lance Mulleman
60009 373rd Street
Eden Valley, MN. 55329



RECEIVED
BY U.S. MAIL
2005 APR 19 AM 9:05
CLERK U.S. DIST COURT
MINNEAPOLIS, MN

United States District Court
District of Minnesota
Office of the Clerk
United States Courthouse
Suite 202
Minneapolis, Minnesota 55415