UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lance Gerald Milliman,

Plaintiff,

vs.

Betty Jean Lindemoen, Charles Weaver, Michael Campion, Beverly Anderson, Kim Brandell, Susan Fallek-Rogers, Jill Prohofsky, Colia Ceisel, Susan Myklebye-Williams, Janice Allen, Dorrie Estebo, Bethany Lindberg, Kay Gavinski, Robert Tipp, and Kelly O'Brien,

Defendants.

Civil File No. 01-1563 RHK/RLE

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS WEAVER, CAMPION, ANDERSON, BRANDELL, FALLEK-ROGERS, PROHOFSKY, CEISEL, AND MYKLEBYE-WILLIAMS**

## INTRODUCTION

Defendants Anderson, Brandell, Fallek-Rogers, Prohofsky, Ceisel, and Myklebye-Williams, who are current and former Minnesota child support magistrates and administrative law judges, and Defendants Campion and Weaver, who are the current and former Commissioner of the Minnesota Department of Public Safety (collectively "the State Defendants"), have moved to dismiss pro se Plaintiff Milliman's amended complaint, which seeks declaratory and injunctive relief to prevent suspension of his commercial driver's license under Minn. Stat. § 518.551, subd. 13 (2004), and an award of damages. Milliman has submitted a response memorandum (Docket #52) in opposition to the motion to dismiss.

As argued in the State Defendants' memorandum in support of their motion to dismiss, Milliman's claim for declaratory and injunctive relief fails because: (1) the Court should decline to address it under the *Younger* abstention doctrine; (2) the Eleventh Amendment bars the claim to the extent it is based on state law; and (3) if the Court addresses it, Milliman's federal constitutional challenge to Minn. Stat. § 518.551, subd. 13, fails under rational basis review. As

the State Defendants also argued, Milliman's damages claims against them are barred by: (1) the *Rooker-Feldman* doctrine; (2) judicial immunity; (3) the Eleventh Amendment to the extent the damages claims are made against these Defendants in their official capacities; and (4) the lack of an independent jurisdictional basis to the extent the damages claims are made under state law. Milliman's response does not refute any of these grounds for dismissal and thus provides no basis to deny the State Defendants' motion to dismiss.

## ARGUMENT

### I. PLAINTIFF'S CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF FAILS UNDER THE *YOUNGER* ABSTENTION DOCTRINE, THE ELEVENTH AMENDMENT, AND BECAUSE MINN. STAT. § 518.551, SUBD. 13 (2004), SATISFIES THE RATIONAL BASIS TEST.

As to *Younger* abstention, Milliman's response makes the same meritless argument that the Court has correctly rejected in recommending denial of Milliman's motion for a temporary restraining order. *See* Report and Recommendation (Docket #53) at 8-10.

Milliman's response does not dispute that the Eleventh Amendment bars his claim for declaratory and injunctive relief to the extent it is based on alleged violations of state law.

Nor does Milliman's response present any argument to support his constitutional challenge to Minn. Stat. § 518.551, subd. 13 (2004), on which his claim for declaratory and injunctive relief is based. In his supplemental affidavit (Docket #50) in support of his motion for a temporary restraining order, Milliman incorrectly asserted that the statute violates equal protection and due process because he could not perform his truck-driver job without a commercial (Class A) driver's license and no limited commercial driver's license would be available to him, only a limited general (Class D) license. As the Court noted in its Report and Recommendation, Judge Magnuson held in *Petschen v. Governor of State of Minnesota,* Civil File No. 3-96-115, Memorandum & Order (D. Minn. April 26, 1996), that the suspension of a

commercial driver's license under Minn. Stat. § 518.551, subd. 13, does not violate federal equal protection or due process under the controlling rational basis standard. Judge Magnuson upheld the statute against such a claim despite the effect on a commercial driver's ability to earn income and the fact that, at that time, there was no provision for any type of limited license for a child support obligor whose license was suspended. *See Petschen*, Memorandum & Order at 9-10. Further, as the Court has already correctly noted, Milliman can cite no decision, from any jurisdiction, holding that the suspension of a commercial driver's license for non-payment of child support obligations violates the federal constitution. *See* Report and Recommendation at 18.

Thus, the Court should dismiss Milliman's claim for declaratory and injunctive relief under the *Younger* abstention doctrine. If the Court addresses the claim, it should be dismissed based on the Eleventh Amendment as to any state law challenge and on the merits as to the federal challenge to Minn. Stat. § 518.551, subd. 13.

## II. PLAINTIFF'S DAMAGES CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE, JUDICIAL IMMUNITY, AND THE ELEVENTH AMENDMENT.

The State Defendants have asserted the *Rooker-Feldman* jurisdictional bar against Milliman's damages claims that his constitutional rights were violated by the order suspending his driver's license in 2000 and other final judicial orders in his state child support proceedings. Thus, Milliman's reliance on *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517 (2005), is misplaced. In that case, issued after the State Defendants' motion to dismiss was filed, the Supreme Court ruled that *Rooker-Feldman* did not apply to a federal action that was commenced before entry of the contested state judgment. The Supreme Court held that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 1521-22. Each of these elements is present with respect to Milliman's damages claims against the State Defendants because: (1) judicial orders adverse to Milliman were issued and enforced in the state child support proceedings; (2) Milliman complains that the orders violated his federal constitutional rights; (3) the challenged state orders were issued in the period from July 1996 to August 2001, *see* Amended Complaint, before Milliman commenced this action; and (4) Milliman's damages claims against the State Defendants require the Court to review and reject these state orders. To obtain federal court review of the challenged state orders, Milliman's recourse was to seek Supreme Court review by writ of certiorari after proceeding through the Minnesota appellate courts. *See id.* at 1521, 1526.

Milliman's response also provides no basis to overcome judicial immunity, which is a further bar to his damages claims against the State Defendants. Milliman incorrectly contends that judicial immunity does not apply because his Amended Complaint alleges that the defendant administrative law judges and child support magistrates lacked jurisdiction to issue the orders for which he seeks damages. The challenged orders do not fall within the exception to judicial immunity for actions taken in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978) (stating this exception and holding it did not apply to a state court judge's erroneous approval of a petition to sterilize a minor although the petition was not assigned a docket number, was not filed with the clerk of court, and was approved ex parte without notice, hearing, or appointment of a guardian ad litem). As evidenced by *Stump*, the "clear absence of all jurisdiction" exception is "an extremely limited exception" to the rule that state judicial officers have absolute immunity from damages claims for their judicial acts.

*Coleman v. Watt*, 40 F.3d 255, 259 (8th Cir. 1994). An act "in excess of jurisdiction" will not deprive a state judicial officer of immunity. *Duty v. City of Springdale*, 42 F.3d 460, 462-63 (8th Cir. 1994) (per curiam). In addition, "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 at 356, 98 S. Ct. at 1105.

In his amended complaint, Milliman appears to assert that jurisdiction was lacking for the challenged orders issued in his state child support proceedings from 1996-2001 because of the January 1999 decision of the Minnesota Supreme Court in *Holmberg v. Holmberg*, 588 N.W.2d 720 (Minn. 1999). The *Holmberg* decision held that the statute creating an administrative child support process violated separation of powers under the Minnesota Constitution. *Id.* at 726. This decision was, however, prospective only and stayed until July 1999. *Id.* at 727. Thus, *Holmberg* does not affect the jurisdictional validity of orders issued in Milliman's child support case before July 1999. As to orders issued in his case after July 1999, Milliman identifies no basis to conclude that the child support magistrates lacked jurisdiction under the Interim Expedited Child Support Process Rules, which were in effect from July 1, 1999, through June 30, 2001. *See* Minn. Gen. R. Prac. 351-375 (2000).

Milliman's argument also cannot overcome judicial immunity with respect to his damages claim against the former Commissioner of Public Safety for suspending Milliman's driver's license in 2000 as directed by a state court order, which was upheld by the state appellate courts when challenged by Milliman. *See* Amended Complaint ¶¶ 17-21; Minn. Stat. § 518.551, subd. 13 (2000) (authorizing state district court to issue order requiring the Commissioner to suspend a child support obligor's driver's license); *see also* Minn. Stat. § 171.186, subd. 1 (2000) (providing that Commissioner must comply with such suspension orders). "Courts have consistently held that officials acting pursuant to a facially valid court

order have a quasi-judicial absolute immunity from damages for actions taken to execute that order." *Patterson v. Von Riesen*, 999 F.2d 1235, 1240 (8th Cir. 1993). In any event, aside from *Rooker-Feldman* and judicial immunity, Milliman's damages claim against the former Commissioner fails because it necessarily is based on Milliman's meritless contention that the driver's license suspension statute is unconstitutional. As already discussed, Milliman's constitutional challenge to the statute fails under the governing rational basis test.

Finally, Milliman's response does not dispute that his damages claims are further barred by the Eleventh Amendment to the extent the claims are asserted against the State Defendants in their official capacities, or that these claims fail for lack of an independent jurisdictional basis to the extent they are based on purported violations of state law.

## CONCLUSION

The Court should grant the State Defendants' motion to dismiss the amended complaint.

Dated: May 12, 2005

Respectfully submitted,

**s/ John S. Garry____**
John S. Garry
Bar Number 208899
Erika Schneller Sullivan
Bar Number 0288056
Mike Hatch
Attorney General
State of Minnesota
Attorneys for State Defendants

445 Minnesota Street, Suite 1100
St. Paul, MN 55101-2128
Telephone: (651) 282-5719
Fax: (651) 282-5832

AG: #1416521-v1