RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA 05 MAY 20 AM 8:27

**********************************************************************************

Civil No. 01-1563 RHK/RLE

CLERK DULUTH, MN

Lance Gerald Milliman,

Plaintiff,

v.

OBJECTIONS TO REPORT AND RECOMMENDATION

Betty Jean Lindemoen, et al.

Defendants.

**********************************************************************************

There is at least one paramount issue that Magistrate Erickson and defense counsel have failed to touch on and with good reason I suspect. That issue is the delay in bringing this matter forward for over a two (2) year period after remand from the Eighth Circuit and Judge Davis' admission that he allowed this case to remain idle for that length of time. The plaintiff's question to Magistrate Erickson and defense counsel at this juncture is: Was this the recommendation you made to Judge Davis over two years ago, that he bury this case for a couple of years hoping caselaw would change in the future and support your position here? Said delay has enabled defense counsel to use statutory and case law they would not have had access to over two (2) years ago.

Let's not pull any punches, Judge Davis and Magistrate Erickson sabotaged plaintiff's case over two (2) years ago. Why this was done is still a mystery and plaintiff does not know who Judge Davis and Magistrate Erickson were "sleeping" with at the time but it makes the plaintiff wonder if perhaps some of these defendants or defense counsel were "friends" of Judge Davis and/or Magistrate Erickson and were given special treatment. Plaintiff can see no other reason for such action by Judge Davis. If this isn't bad faith and judicial misconduct, plaintiff does not know what is. If Judge Davis and Magistrate Erickson would have properly brought this case forward over two (2) years ago, perhaps we would not be here on the very same issues today and with the defendants and defense counsel in a better position than they would have been in back then.

Now, once more Magistrate Erickson and defense counsel attempt to sabotage plaintiff's case in a further attempt to delay justice to the plaintiff in the alleged name of comity and state's rights claiming that the Younger Abstention Doctrine should be followed here. In support of their position Magistrate Erickson and defense counsel claim that the plaintiff simply misunderstood the proceedings that were had before Judge Rosenbaum and that such "procedural posture" weighs against plaintiff's contentions. Neither Magistrate Erickson or any of these defendants or defense attorneys were present in court on the day Judge Rosenbaum made his rulings and statements and as was noted by the Eighth Circuit in its remand, non of these proceedings were transcribed, so the plaintiff would like an explanation from Magistrate Erickson and defense counsel as to how this alleged "procedural posture" weighs against the plaintiff. The plaintiff was the only one present at that hearing that is still involved in this case and the plaintiff knows what was said and done at that hearing and the law dictates that the plaintiff be given the benefit of the doubt here unless defense counsel can come up with some solid evidence to the contrary. It should be noted that the only document before the Court at this stage of the proceedings is the plaintiff's complaint which must be construed by the Court as absolutely true. For the purposes of the defendant's motion to dismiss, the Court takes all facts alleged in plaintiff's complaint as true. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Further, the Court must construe the allegations in the complaint and reasonable inferences from the complaint favorably to the plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "itappears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The State of Minnesota and Anoka County make empty gestures when they claim that if plaintiff's

SCANNED
MAY 20 2005
U.S. DISTRICT COURT DULUTH

commercial driver's license is suspended he is still entitled to a limited Class D or general driver's license pursuant to Minn. Stat. 171.186, Subd. 4. This type of license does the plaintiff no good as it cannot be used to operate a tractor-trailer unit which is the plaintiff's sole occupation and means of support. The state might as well just keep it. However, what is interesting here is that the discriminatory nature of Minnesota Statutes 518.551 and 171.186 that comes out in the defense attorneys own argument and Jodi Oscarson's Affidavit. The discrimination as noted in plaintiff's complaint begins when a holder of a Minnesota Class D or general license is allowed a limited license to go to and from their occupation. However, a holder of a Class A or Minnesota commercial driver's license cannot obtain a limited license to continue in his occupation and consequently is treated much harsher simply because he has chosen the occupation he has which requires that he have a Class A Minnesota Commercial Driver's License where his driver's license is his job and no other Minnesota licensed driver is subjected to this harsher treatment because of his occupation. Likewise, Minn.Stat. 171.186 can only be exercised after a license has been suspended, it cannot be raised as part of a child support proceeding because the license has not been suspended at that point. Consequently the defense counsel and Ms. Oscarson's mention of this statute has no bearing or basis on these present proceedings as the plaintiff does not intend to wait until his license is suspended to take action under Minn.Stat. 171 as the need for relief is now and not after the license has been suspended.

The problem the plaintiff is having with all of this is you have judges, magistrates and state and county attorneys who think that the plaintiff should not be allowed to practice law and bring forth his claim because he is not an attorney and you all think that you can "pull the wool over my eyes". Year after year I begin to tire with dealing with sleazy judges, magistrates and state and county attorneys who want to sit in judgment of me and my actions, who are supposed to be intelligent. However, they will lie, cheat and steal for their master and for allegedly intelligent people they cannot even understand it when a court of appeals decision goes against their position. The Eighth Circuit Court of Appeals decision makes it clear that we are dealing with the same lawsuit that was brought forth in the proceedings before Judge Rosenbaum and the fact that the plaintiff has added a claim or claims "after" the original complaint was filed and the fact that the plaintiff has amended his complaint to do away with an excess surplus of words to make it more understandable does not change the fact that this is the same complaint brought forth in Judge Rosenbaum's courtroom and the very same one that the Eighth Circuit Court of Appeals ruled on and stated in its decision that " 'dismissal without prejudice' primarily means dismissal without barring plaintiff from returning to the same court with the same claim." What is it that you all do not understand about the "same" claim language used by the Eighth Circuit? There is no Milliman I, II and III as these sleazy attorneys attempt to convince the Court of.

Magistrate Erickson and defense counsel can bring forth this twenty (20) page document of "garbage" and excuses if they wish to waste their time and resources as their treasury is fairly deep but to expect the plaintiff to have to deal with this on his limited budget is a sad premise indeed. The problem that defense counsel cannot get around with their Younger, argument is the fact that their only possible claim here is, or was, res judicata and as Judge Davis found out, by way of the Eighth Circuit, res judicata does not apply here.

The plaintiff has pled "great and immediate irreparable injury" both in his complaint and in his motion for a temporary restraining order and temporary injunction. The only reason this injury has not come to pass is the fact that the hearing dates in state court are being manipulated by defense attorney Haluska until the proceedings favor his position. In fact, he stated on the record at the hearing on the temporary restraining order, words to the effect that I (counselor Haluska) have some control over when the hearing is set and it will not be set until sometime in middle to late May. The plaintiff alleged in his complaint and motion for temporary restraining order that such manipulation was occurring and that it denied the plaintiff due process and equal protection of the law. The Court should not allow the defense attorneys to manipulate the system until it favors their position as this is not justice and this does not protect the plaintiff's constitutional rights. This is simply another sleazy act by a sleazy attorney as is the nature and character of attorneys working for the Anoka County Attorneys Office and has nothing whatsoever to do with the traditional principles of equity, comity and federalism.

Then you have judges like Davis and magistrates like Erickson who go right along with the sleazy acts because it allows them to ignore their responsibility and the oath they took as federal judges and magistrates to uphold the United States Constitution and of course, it is the path of least resistance. Magistrate Erickson

pays lip service to the fact that this may be a case where "equitable relief would interefere with pending state proceedings in a way that offends principle of comity and federalism." What you fail to see Magistrate Erickson is that comity and federalism take a second seat to the constitutional rights of individuals. (the plaintiff) Do we just look the other way when the pending state proceedings offend the principles of a full and fair trial or oppurtunity to be heard and how many times must the plaintiff take his complaint before the state courts before the federal courts are convinced that the plaintiff cannot receive a full and fair trial or oppurtunity to be heard in the courts of Anoka County and in the appellate courts of the State of Minnesota.

Magistrate Erickson and these defense attorneys would have the plaintiff return to a state process that not only denied to the plaintiff a fair trial and a full and fair opportunity to be heard, these state proceedings and these state judicial officers refused to allow the plaintiff to make any argument at all by denying him in forma pauperis status to pursue his claims in the state proceedings. The plaintiff's argument here is not that the state courts of Minnesota are incapable of deciding federal constitutional issues, plaintiff's argument is that the state courts were given the opportunity to decide these federal constitutional issues and they refused and failed to do so when they had the chance the first time when it was before them much like Magistrate Erickson attempts to do here. The state courts have in effect said "we do not care who hears this case as long as it is not us."

Just in case Magistrate Erickson does not know that the federal courts have pendent jurisdiction, I thought I would remind him because this is the perfect type of case for the exercise of that jurisdiction regardless of whether or not the plaintiff filed for a hearing in state court. If this Court is prepared to issue the temporary restraining order and /or the temporary injunction then the plaintiff can simply dismiss his state claim and then we have no Younger, issue at all. However, you must issue the order immediately because once the plaintiff dismisses his state action, his license will be suspended by the State of Minnesota immediately. It appears that we have a "mexican standoff" here and the plaintiff's question is what are you going to do about it?

We also have the defendants, the defense attorneys and Magistrate Erickson who pay "lip service" and are all satisfied that the plaintiff's motion allegedly "implicates important state interests." In support of this premise there is a good deal of caselaw provided on the subject. However, what these defendants, attorneys and Magistrate Erickson fail to observe from all this is that in the caselaw citations that are provided, for instance, we have the Mills, case stating that the "state has a strong interest in ensuring that genuine claims for child support are not denied," the Little, case stating "the state admittedly has a legitimate interest in securing support for a child from those who are legally responsible," and finally the Duranceau, case. The plaintiff's position is and always was that these child support judgments were not based upon "genuine claims for child support" and that the State of Minnesota and the County of Anoka failed and refused to go after the other party who under Minnesota law is just as responsible for the payment of child support as the plaintiff is or was and that is discriminatory enforcement of the law and statutes. The plaintiff's position is well pled in his complaint, his motion for a temporary restraining order and his motion for a preliminary injunction. With respect to Duranceau, it is the plaintiff's position that the state has no "general interest in the effective enforcement of its judgments" when the judgment is not based upon a "genuine claim for child support" and had this issue come up in any of the other cases that were cited by these defendants, attorneys or Magistrate Erickson it appears clear that all of the courts who made the rulings on the cited cases would require that a "genuine claim for child support" must be provided by the State and this has not been the case in this matter.

Finally, with regard to the Younger, issue the defendants and defense attorneys argue that "the only pertinent inquiry is whether the state proceedings afford a adequate opportunity to raise the [plaintiff's] constitutional claims." Based on the record, the defendants, defense counsel and Magistrate Erickson have failed to establish that the plaintiff's constitutional claims could be fairly and fully addressed in the pending state court proceedings. Magistrate Erickson is beginning to sound like a defense attorney when he pays "lip service" to the fact that the plaintiff allegedly "suggested that a child support magistrate is not competent to address the plaintiff's constitutional arguments, Minnesota Rules allow the plaintiff to bring a motion for review of the child support magistrate's decision to a Minnesota district court, where any constitutional issues can be fairly and fully addressed."

Magistrate Erickson has conveniently left out the part of plaintiff's "suggestion" that the Minnesota

district court in the County of Anoka where such hearings and trials would have to be held have failed and refused to address and decide the issue even though they are required by law to do so and have been given the opportunity to address and decide these very issues in the past. As stated throughout the plaintiff's pleadings and argument "the best indicator of the Anoka County District Court's future actions in this case must be measured by the actions the Anoka County District Court has taken in this case in the past." Moreover, the Anoka County District Court's inaction was well pled before the Eighth Circuit. (See appendix and argument contained in appellant's brief in Court of Appeals File No. 01-3218) This is a settled issue Magistrate Erickson and your further "lip service" that "if the plaintiff should be disappointed in the resolution of the constitutional claims by the Minnesota district court, then those claims would be subject to review by the Minnesota Appellate Courts upon a properly taken appeal." The Minnesota appellate courts inaction was also well pled in the Eighth Circuit and is a settled issue.

The only support you can come up with for your position here Magistrate Erickson, deals with Judge Davis' and your judicial misconduct in allowing this matter to sit idle for over two (2) years until caselaw was developed to support your position here. The caselaw you use to support your position here is the very same caselaw that you would have not had access to if this case would not have been delayed and went to trial in 2002. In addition, defense counsel makes the ridiculous claim or argument that "the record is bereft of any evidence that the defendants' apparent intent to suspend his license is motivated by anything other than his failure to satisfy his child support obligations." While, on the other hand, they admit "that the plaintiff contends [ in his complaint] that, since Minnesota Statutes Section 518.551, subdivision 13, is 'patently unconstitutional,' the state and county defendants' efforts to suspend his license, pursuant to that statute, were undertaken in bad faith and with the intent to harass him." Pursuant to Westcott, Morton and Conley, this is a sufficient showing of bad faith rendering a Younger, abstention inappropriate.

In regard to the alleged Dataphase, case analysis made by Magistrate Erickson and the defense attorneys, the plaintiff has just three (3) questions and they are (1) where did they find you bunch of conmen and conwomen? (2) how many years have you Magistrate Erickson been on the bench? and (3) how many times have you Magistrate Erickson dealt with the Dataphase, case? The reason plaintiff asks is that we are obviously not reading the same case and you all misrepresent what that case states. Magistrate Erickson once again pays "lip service" to the fact that the plaintiff has requested a hearing on the license suspension in state court and he states "The hearing he has properly requested has not been scheduled, through the time that we took the plaintiff's motion under advisement, which is consistent with the county defendants' representation that a hearing would not be scheduled until the middle part of May of 2005, or June of 2005." As stated earlier in this document the Anoka County defendants and their attorney are allowed to manipulate the system and hold off the hearing until conditions favor their side of the argument and the plaintiff has said from the beginning that such manipulation was happening and if these defendants and their attorneys would not have manipulated the system to their benefit in not serving plaintiff with any written order from the first suspension hearing we might not be here now. To much power is given to the county employees in these matters which needs to be curtailed. These defendants and their attorneys have been able to cut-off the plaintiff's right to appeal and this Court cannot even do this.

In any event, "the plaintiff has made a cogent showing of the ['threat'] of irreparable harm" which is all that is necessary under Dataphase and a temporary restraining order would in fact be proper because the plaintiff need not make a showing that he for instance has a fifty (50%) percent or better chance of prevailing on the merits and even if the alleged "weighing of the public interest against the plaintiff's interest, does not tilt the balance in his [plaintiff's] favor," a premise to which we do not concede, as the plaintiff argued in his motion for a temporary restraining order and a preliminary injunction, the public has a strong interest in curtailing abuse by government officials of individual rights and a strong interest in requiring that the government officials pursue only genuine claims for child support and not just claims created in a vacuum. Here it is claimed that the state judicial officers did not even have authority or jurisdiction to issue the orders and judgments they issued and discrimination is apparent on its face and in the application of Minnesota Statute 518.551, Subds. 12 and 13. In fact, Magistrate Erickson, the defense attorneys and the defendants admit that the result here is no less than "neutral."Dataphase makes it patently clear that this is but one factor and "in balancing the equities no single factor is determinative. The likelihood that plaintiff will prevail is meaningless in isolation."

"If the chance of irreparable injury to the movant should relief be denied is outweighed by the likely

injury to other parties litigant should the injunction be granted, the moving party faces a heavy burden of demonstrating that he is likely to prevail on the merits. Conversely, where the movant has raised a substantial question and the equities are otherwise strongly in his favor, the showing of success on the merits can be less." In the instant action, the defendants have not alleged any likely injury to themselves if the temporary restraining order was issued and therefore the "heavy burden" as the defendants attempt to contend applies here is not so heavy. "The very nature of the inquiry for preliminary relief militates against a wooden application of the probability test. At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."

Finally, with respect to the defendants argument that the district court's order in Petschen, is in substantial accord with case law from other jurisdictions. Aside from the fact that several of these cases would not have been available to the defendants had there not been judicial misconduct on the part of Judge Davis and Magistrate Erickson in burying this case for over a two (2) year period, In support of defendants alleged "accord with other jurisdictions," These defendants and their counsel claim that six cases from foreign jurisdictions support their position. However, these attorneys must not have fully researched the cases they cite because while some may provide limited support most are distinguishable from this present case. However, some of these same cases support the plaintiff's position on several issues. The issue of plaintiff's inability to pay child support which he has raised from the very beginning is supported by these cases as is Anoka County and the State of Minnesota's answer to parties unable to pay child support, the issue of imputed wages without a finding that the plaintiff remained voluntarily unemployed to escape paying his child support. If the Court is going to consider any of these cases, then the plaintiff requests additional time to fully present additional argument on these issues.

Dated: 5-17-05

Respectfully submitted,

Lance Milliman
Plaintiff pro se
60009 373rd Street
Eden Valley, Minnesota 55329
(320) 420-3540