UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No. 01cv-1563 RHK/RLE

Lance Gerald Milliman,

Plaintiff,

v.

MOTION FOR A DEFAULT JUDGMENT PURSUANT TO RULE 55(b)(2) F.R. Civ. P.

Betty Jean Lindemoen, et al.,

Defendants.

---

The plaintiff moves the Court pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for a default judgment against defendant Betty Jean Lindemoen.

The grounds for said relief are based upon the following facts:

1. Summons and Complaint were served upon defendant Betty Jean Lindemoen on or about April 7, 2005 by United States Marshal as shown in the affidavit of service. Defendant Lindemoen acknowledged receipt by return letter to the United States Marshal on April 7, 2005. Defendant Lindemoen apparently took no further action to defend against the lawsuit.

2. In an order dated May 9, 2005 this Court directed the plaintiff to contact Ms. Lindemoen immediately and notify her that she was required to serve and file her anwer or some other responsive pleading, or move for an extension of time to do so, and that an application for entry of default is required if no response is filed within ten (10) days. The plaintiff contacted defendant Lindemoen by letter dated May 16, 2005 and made this Court's directives clear to her and when no response was served or filed by Ms. Lindemoen within the ten (10) day period, the plaintiff did as this Court instructed and applied for an entry of default.

3. On June 1, 2005 a clerk's entry of default was entered and was certified on August 5, 2005 by the clerk of the district court but because the plaintiff had not filed an affidavit of the amounts due no money judgment was entered against defendant Lindemoen. As the plaintiff attempted to ascertain the proper procedure for perfecting his default judgment by the process of elimination and with great embarrassment to his person realized that he must file an affidavit of the amount due with the clerk of the district court for a default judgment to be issued. The plaintiff did so on August 30, 2005.

4. That a letter dated August 31, 2005 from the clerk of the district court was received by plaintiff on or about September 3, 2005, stated that there had been no judgment entered in this matter and that the clerk's office could no longer enter a default judgment against Ms. Lindemoen because she had filed an answer and any default judgment must now come from the Court.

5. Plaintiff immediately contacted the clerk of the district court and was informed by Jennifer McDonald of the Clerk of District Court's Office that Ms. Lindemoen had in fact served some kind of answer in this matter on August 15, 2005.

Part of the plaintiff's request here involves the request to strike defendant Lindemoen's answer for two (2) reasons:

A. The answer is way beyond the time limits set for the answer to be filed by this Court;

B. The answer was never served upon the plaintiff and the plaintiff has not received a copy of the answer from any other source. The plaintiff's position is that the court file will bear out his claim that he was never

SCANNED
SEP 0 9 2005
U.S. DISTRICT COURT MPLS

served with the answer as there is not any affidavit of service showing service upon him by defendant Lindemoen or any one else contained in the court file.

It is the plaintiff's position that Ms. Lindemoen is still in default and a default judgment should be issued against her by the Court for the amounts requested in the complaint. Based upon the belief that Ms. Lindemoen is still in default in these proceedings, the plaintiff has not served a copy of this motion upon her but will do so upon order or request of the Court.

Further, the plaintiff's position is that a defendant wishing to set aside a default judgment carries a heavy burden. If plaintiff's memory serves him right, one of the conditions to set aside a default judgment deals with the fact that the defendant must have a meritorious defense. It is the plaintiff's understanding that defendant Lindemoen is not represented by counsel and the answer was filed with the Court pro se. The plaintiff could be wrong but he does not believe that defendant Lindemoen could plead a meritorious defense on her own without the assistance of counsel but it is hard to tell if this defendant has such a defense when the answer is not served upon the plaintiff and within the time limits set by the Court. The plaintiff is not requesting a hearing in this matter.

Therefore, the plaintiff requests that defendant Betty Jean Lindemoen's answer be stricken from the record and that a default judgment be issued against her for the amounts requested in the complaint and any other relief deemed fair, just and equitable by the Court.

Dated: September 3, 2005

Lance Milliman
Plaintiff pro se
60009 373rd Street
Eden Valley, Minnesota 55329
(320) 420-3540

Lance milliman
60009 373rd st
Eden Valley, mN
55329



United States District Court
Office of the Clerk
U.S. Courthouse, Suite 202
300 South Fourth Street
minneapolis, mN 55415

55415-1320