UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * * *

Lance Gerald Milliman,

Plaintiff,

vs.

Betty Jean Lindemoen, Charles Weaver, Beverly Anderson, Kim Brandell, Susan Fallek-Rogers, Colia Ceisel, Janice Allen, Dorrie Estebo, Bethany Lindberg, Robert Tipp, Kelly O'Brien, Susan Myklebye-Williams, Michael Campion, Kay Gavinski, and Jill Prohofsky,

Defendants. Civ. No. 01-1563 (RHK/RLE)

* * * * * * * * * * * * * * * * * * * *

Lance Gerald Milliman,

Plaintiff,

vs.

County of Stearns, Lowell Rushmeyer, Connie Bauman,

Dennis Heinen, City of Kimball,
Cindy Stelten, Shelly Olson,
Andrew Maus, Dan Konz, John
Clement, Ron Daniels, Wayne
Mackereth, Michael Olk, Todd
Rohloff, Dianne Robinson,
Tamarack Court, Inc., Dale Wagner,
Gary Plamann, Dahrla Plamann,
Shadduck, Young & Brown;
Sheldon Brown; Iverson Reuvers,
Jason Hiveley, Neils, Franz &
Chirhart, Neil Franz, Meagher &
Geer, Steven Eggimann, Debra
Weiss, Erica Gutmann Strohl,
Edward Toussaint, Christopher
Dietzen, Paul Hoffman, and
Bernard Boland,

Defendants. Civ. No. 05-2993 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

I. Introduction

These matters came before the undersigned United States Magistrate Judge pursuant to general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's letter of October 21, 2006, which requests that the Court "either finish any pending litigation this plaintiff has before your court or refrain from hearing this matter further by recusing yourself," and "[w]hatever you choose to do does not matter to me because you cannot possibly do more damage than

you have already done." See, Docket No. 92 in Milliman v. Lindemoen, Civ. No. 01-1563 (RHK/RLE)("Milliman I"), Docket No. 149, in Milliman v. County of Stearns, et al., Civ. No. 05-2993 (JRT/RLE)("Milliman-II"). As to Milliman-I, there are no further proceedings scheduled in the District Court for, on September 9, 2006, see Docket No. 86, the District Court, the Honorable Richard H. Kyle presiding, adopted this Court's Report and Recommendation of August 3, 2006, see Docket No. 78, thereby dismissing the Plaintiff's Amended Complaint. The Plaintiff has taken an appeal from the Judgment entered in Milliman-I.

In Milliman-II, by Order dated September 7, 2006, see Docket No. 130, the District Court, the Honorable John R. Tunheim presiding, adopted our Report and Recommendation of August 3, 2006, see Docket No. 117, and dismissed the Plaintiff's claims against several of the Defendants. In addition, we currently have the dispositive Motions of several other Defendants under advisement. See, Docket Nos. 111 and 121. We also note that the Plaintiff had secured the entry of default against the Defendants Gary and Darhla Plamann ("Plamanns"). See, Docket No. 116. By a Report dated September 25, 2006, we recommended that the Plamanns' Motion to Set Aside Entry of Judgment be granted, and that the Plaintiff's Motion for Default Judgment be denied, see, Docket No. 138, and the District Court adopted that

Recommendation by Order dated October 24, 2006. See, Docket No. 148. The Plaintiff's letter, which prompted this Order, followed one day after the District Court's Order.

Since only Milliman-II remains active before this Court, and since we have currently scheduled a Hearing on the Plamann's Motion to Dismiss the Plaintiff's Complaint against them for December 7, 2006, we construe the Plaintiff's letter as a Motion requesting our recusal in Milliman-II. Since there is no legitimate basis upon which to recuse, we deny the Plaintiff's informal Motion.

## II. Discussion

In support of his Motion for Recusal, the Plaintiff makes the conclusory, and wholly unsubstantiated accusation that the undersigned has "protect[ed] other crooked judges and attorneys from their own misdeeds," and that we "may laugh and chuckle at this [submission] like you have done in handling both of the cases that the plaintiff has tried before the court in which [the undersigned] [was] the magistrate." Docket No. 149. The Plaintiff also represents that the undersigned "cannot possibly do any more damage than you have already done," and that "[n]ow, we will see if the plaintiff can do some to your career and reputation because you deserve what you get and if the Eighth Circuit laughs at my complaint, this plaintiff at least knows he tried to

make the judicial system better and I can live with the laughter because your laughter has not hurt me to [sic] much." Id.

A. Standard of Review. While the Plaintiff has failed to cite any statutory authority, or factual basis, for our recusal, we note that in assessing a Motion for Recusal or Disqualification, Title 28 U.S.C. §455(a) provides as follows:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

"The test for disqualification or recusal is an objective one and asks whether, from the perspective of 'the average person on the street,' a reasonable man knowing all of the circumstances 'would harbor doubts about the judge's impartiality.'" Tyler v. Purkett, 413 F.3d 696, 704 (8th Cir. 2005), quoting United States v. Poludniak, 657 F.2d 948, 954 (8th Cir. 1981)[citations omitted]. "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003), quoting Pope v. Fed. Express Corp., 974 F.2d 982, 985 (8th Cir. 1992)[citations omitted]. Lastly, "[a]n adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality." Id. at 665, citing Liteky v. United States, 510 U.S. 540,

555 (1994); see also, Dossette v. First State Bank, 399 F.3d 940, 953 (8th Cir. 2005)("Adverse judicial rulings * * * 'almost never' constitute a valid basis for recusal; the proper recourse for a dissatisfied litigant is appeal."), citing Liteky v. United States, supra at 555.

B. Legal Analysis. Here, on any objective basis, the Plaintiff offers no responsible basis for our recusal or disqualification. At most, he is dissatisfied with our Recommendations that led to the dismissal of his claims against a variety of Defendants in both Milliman-I, and Milliman-II. The bases for those Recommendations were detailed in each of our Reports and, notwithstanding objections from the Plaintiff, each Recommendation was adopted, following de novo review, by the respective District Courts. Although the Plaintiff may be understandably disappointed by those rulings, our obligation is to apply the law and not to humor a litigant, who has no viable cause of action, with a false ruling that he or she does. As he has every right to do, the Plaintiff has appealed the Judgment in Milliman-I, and if we erred in any material way, that error will be remedied on appeal.

Here, however, all that the Plaintiff has offered to contest our continued handling of this case is a personal, subjective belief that our rulings were somehow in error, but he proffers nothing to show, as he must, that we harbor "a deep-seated

favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, supra at 555. We bear no ill-will or antagonism toward the Plaintiff, nor any favoritism toward the Defendants -- we simply base our rulings on the facts, and the law, which is all that any litigant can expect. It matters not to this Court which party is successful on any question or issue to be decided.

In sum, the Plaintiff offers nothing that would cause an average person, who knows all of the relevant facts of the case, to reasonably question our impartiality. See, Tyler v. Purkett, 413 F.3d 696, 704 (8th Cir. 2005), quoting United States v. Poludniak, 657 F.2d 948, 954 (8th Cir. 1981), cert. denied, 455 U.S. 940 (1982). As the Courts have recognized, "Judges have an obligation to litigants and their colleagues not to remove themselves needlessly, because a change of umpire in midcontest may require a great deal of work to be redone * * * and facilitate judge-shopping." In re National Union Fire Ins. Co., 839 F.2d 1226, 1229 (7th Cir. 1988); see also, Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987)("There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."); In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2nd Cir. 1988)("A judge is as much obligated not to recuse himself when

it is not called for as he is obliged to when it is.”).[1] We recognize that the Plaintiff represents his intention to file a Judicial Complaint, with the United States Court of Appeals for the Eighth Circuit, against the undersigned and other Judges in this District, see, Docket No. 149, but as our Court of Appeals has recognized, a “judge is not disqualified merely because litigant files complaint alleging judicial misconduct; if that were the rule, litigants could manipulate system by filing frivolous complaints in hopes of being assigned judge more sympathetic to their cause.” Proctor v. Engstrom, 95 Fed.Appx. 192, 194 (8th Cir. 2004), citing In re Mann, 229 F.3d 657, 658 (7th Cir. 2000); see also, Thompson v. Eva’s Village and Sheltering Program, 162 Fed.Appx. 154, 157 (3rd Cir. 2006); Clement v. Riverfront Times, 2006 WL 587699 at *1 (E.D. Mo., March 10, 2006). We are obligated to rule on any issue presented on the basis of the law which governs this Federal Court, and we take that obligation seriously. Accordingly, we deny the Plaintiff’s Motion for Recusal.

NOW, THEREFORE, It is --

[1]Each of these cases was cited by now Senior Circuit Judge David R. Hansen in declining to recuse himself in an appeal pending before the United States Court of Appeals for the Eighth Circuit. See, Southwestern Bell Telephone Co. v. Federal Communications Com’n, 153 F.3d 520, 523 (8th Cir. 1998); see also, United States v. Ibarra-Castaneda, 396 F. Supp.2d 1004, 1008 (N.D. Iowa 2005).

ORDERED:

That the Plaintiff's Motion for Recusal [Docket No. 92, in Civ. No. 01-1563 (RHK/RLE); Docket No. 149, in Civ. No. 05-2993 (JRT/RLE) ] is DENIED.

BY THE COURT:

Dated: October 26, 2006

s/Raymond L. Erickson
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE